The petition was statutory quo warranto directed against the members of the board of cosmetological examiners of Jefferson county, under section 9932 of the Code. State ex rel. Knox v. Dillard, 196 Ala. 539, 72 So. 56; Berk v. State ex rel. Thompson, post, p. ___, 142 So. 832; Gen. Acts 1931, p. 653.
The decision upholding the Barber's Act (Gen. Acts 1931, p. 615) in Wages v. State (Ala. Sup.) 141 So. 707,[1] under the police power of government, setting up governmental agencies (Berk v. State ex rel. Thompson, supra; Wright v. Aldridge,219 Ala. 632, 123 So. 33; Lehmann v. State Board of Public Accountancy, 208 Ala. 185, authorities on page 189, 94 So. 94,98; State ex rel. Miller v. Aldridge, 212 Ala. 660,103 So. 835, 39 A.L.R. 1470; Williams v. Board of Dental Examiners of Ala., 222 Ala. 411, 133 So. 11), and sustaining the classification for barbers and barber colleges in Birmingham, disposes, adversely to appellant, of several of the questions now presented — as to whether the act was a local law under sections 106 and 110 of the Constitution as to requiring notice, and whether it violated section 45 of the Constitution.
When the entire act is considered under the rules that obtain (May v. Head, 210 Ala. 112, 96 So. 869; State ex rel. City of Mobile v. Board of Revenue and Road Com'rs, 202 Ala. 303,80 So. 368), the conclusion here reached is, as was declared in the Wages Case on the Barber Act (Gen. Acts 1931, p. 615), that the instant act is a general law within the meaning of section 110 of the Constitution, and that the subject of the act was clearly expressed in the title, and the act in no wise offends the provisions of section 45 of the Constitution.
It is next insisted that the act is a revenue bill and was not passed by the Legislature before "the last five days of the session," in disregard of section 70 of the Constitution.
The act in question was not within the class of "Bills for Raising Revenue" within the purview of section 70 of the Constitution. Such is the analogy to be found in the declarations *Page 180 
of this court that: "A statute the purpose of which is to provide for the dispensing of liquors by municipalities, is not a bill for raising revenue. Dunbar v. Frazer, 78 Ala. 538; Sheppard v. Dowling, 127 Ala. 1, 28 So. 791
[85 Am. St. Rep. 68]; nor a statute to establish and carry on a dispensary. Sheppard v. Dowling, 127 Ala. 1, 28 So. 791
[85 Am. St. Rep. 68]; nor a statute regulating the granting of licenses to retail. Dunbar v. Frazer, 78 Ala. 538; or a statute providing for the maintenance, improvement, etc., of public roads. Kennamer v. State, 150 Ala. 74, 43 So. 482; or a statute imposing a license tax or registration fee on motor vehicles. Bozeman v. State, 7 Ala. App. 151, 61 So. 604." Section 70, Constitution, note "Not Bills for Raising Revenue" (see Code 1928, p. 30).
It is next insisted that the act was unconstitutional and void in that it conflicts with and violates the provisions of the Fourteenth Amendment to the Constitution of the United States. That is, it is the insistence that section 5 of the act clothes the board with absolute, arbitrary, and unlimited power to prescribe qualifications for admission to practice cosmetology, and thus offends the provisions of section 1 of the Fourteenth Amendment to the Federal Constitution.
The right to follow lawful employment of any ordinary and harmless calling, and that of entering the professions duly and reasonably regulated under the police power, are of constitutional guaranty that may not be abridged, and are property rights that may not be arbitrarily denied without due process of law, and as to which the equal protection of the law may not be denied or withheld. Replogle v. City of Little Rock,166 Ark. 617, 267 S.W. 353, 36 A.L.R. 1333; Hardie-Tynes Mfg. Co. v. Cruise, 189 Ala. 66, 79, 66 So. 657; Franklin Social Club v. Town of Phil Campbell, 204 Ala. 259, 85 So. 527; Hill v. Wallace, 259 U.S. 44, 42 S.Ct. 453, 66 L.Ed. 822; Booth v. People of State of Illinois, 184 U.S. 425,22 S.Ct. 425, 46 L.Ed. 623; Allgeyer v. State of Louisiana,165 U.S. 578, 17 S.Ct. 427, 41 L.Ed. 832; New York Life Ins. Co. v. Dodge, 246 U.S. 357, 38 S.Ct. 337, 62 L.Ed. 772, Ann. Cas. 1918E, 593; Adams v. Tanner, 244 U.S. 590, 37 S.Ct. 662,61 L.Ed. 1336, L.R.A. 1917F, 1163, Ann. Cas. 1917D, 973. Thus stated by Judge Cooley (Cooley on Torts, p. 277): "it is an important part of civil liberty to have the right to follow all lawful employment."
And by Mr. Tiedman: "No man's liberty is safe if the legislature can deny him the right to engage in a harmless calling." 1 Tiedman, State Federal Control of Persons and Property, p. 236.
Mr. Justice Bradley in Butchers' Union Slaughter-House L. S. L. Co. v. Crescent City Live-Stock L. S. H. Co.,111 U.S. 746, 4 S.Ct. 652, 657, 28 L.Ed. 585, says: "The right to follow any of the common occupations of life is an inalienable right. * * * The right to follow any of the ordinary callings of life — is one of the privileges of a citizen of the United States."
And in Replogle v. City of Little Rock, 166 Ark. 617,267 S.W. 353, 354, 36 A.L.R. 1333, 1336, Mr. Justice Wood made the following just observation: "When statutes, and municipal ordinances pursuant thereto, have been enacted purporting to protect the health and welfare of a community, all doubts as to the constitutionality of such legislation must be resolved in its favor. Such deference and consideration must be given by the courts to the Legislature — a co-ordinate department of the government — as not to unduly interfere with its supreme legislative power, and never to interfere with such power, unless it appears that the exercise is clearly outside the scope of the organic law, which is over all departments of the government, and which all are bound to observe as fundamental in the protection of the liberty, happiness, and general welfare of the community. Williams v. State, 85 Ark. 470, 26 L.R.A. (N.S.) 482, 122 Am. St. Rep. 47, 108 S.W. 838; Dreyfus v. Boone, 88 Ark. 358, 114 S.W. 718; Pierce Oil Corp. v. Hope,127 Ark. 38, 191 S.W. 405, Ann. Cas. 1918E, 143; Bacon v. Walker, 204 U.S. 311, 51 L.Ed. 499, 27 S.Ct. 289. But when such enactments are challenged as an invasion of the rights and liberties of the individual guaranteed by the fundamental law, then it becomes the duty of the courts to lay these enactments alongside the Constitution, and determine whether the exercise of the police power in the suppression or regulation of ordinary occupations, trades, or callings is really necessary for the public good."
We are thus remitted to the question long declared, in this and other jurisdictions, that an act or ordinance must prescribe a uniform rule of action under delegated power, and not reserve the right to arbitrarily grant or withhold a privilege — a question presented in the line of our decisions from City Council of Montgomery v. West, 149 Ala. 311,42 So. 1000, to Gillette, Bldg. Inspector, v. Tyson, 219 Ala. 511,122 So. 830; White v. Luquire Funeral Home, 221 Ala. 440,129 So. 84.
It may be well to observe that the discretions given such boards, as those set up or provided by the act as to the granting and revocation of licenses, must conform to that line of well-recognized state and federal authorities. City Council of Montgomery v. West, supra; Cooke, Clerk, v. Loper, 151 Ala. 546,44 So. 78; Birmingham R., L. P. Co. v. Kyser, 203 Ala. 121,125, 82 So. 151; Lehmann v. State Board of Public Accountancy, 208 Ala. 185, 187, and 190 for authorities,94 So. 94, 96, 99; Yick Wo v. Hopkins, Sheriff, etc., 118 U.S. 356,6 S.Ct. 1064, 30 L.Ed. 220; *Page 181 
Butchers' Union Slaughter-House L. S. L. Co. v. Crescent City Live-Stock L. S. H. Co., 111 U.S. 746, 4 S.Ct. 652,28 L.Ed. 585; Dobbins v. City of Los Angeles, 195 U.S. 223,25 S. Ct. 18, 49 L.Ed. 169; Arver v. United States, 245 U.S. 366,38 S.Ct. 159, 62 L.Ed. 349, L.R.A. 1918C, 361, Ann. Cas. 1918B, 856.
Constitutional inhibitions as to state statutes unduly limiting and regulating private businesses are the subject of frequent discussions in the courts. Fox v. State of Washington,236 U.S. 273, 35 S.Ct. 383, 69 L.Ed. 573; Waters-Pierce Oil Co. v. Texas, 212 U.S. 86, 29 S.Ct. 220, 53 L.Ed. 417; Miller v. Strahl, 239 U.S. 426, 36 S.Ct. 147, 60 L.Ed. 364; Omaechevarria v. Idaho, 246 U.S. 343, 38 S.Ct. 323,62 L.Ed. 763; Arizona Copper Co. v. Hammer, 250 U.S. 400,39 S.Ct. 553, 63 L.Ed. 1058, 6 A.L.R. 1537. And discussions and definitions of the extent of limitations in statutes as affecting the conduct of the several professions are found. Meffert v. Packer, 195 U.S. 625, 25 S.Ct. 790, 49 L.Ed. 350; Dent v. State of West Virginia, 129 U.S. 114, 9 S.Ct. 231,32 L.Ed. 623; Reetz v. People of State of Michigan,188 U.S. 505, 23 S.Ct. 390, 47 L.Ed. 563; McNaughton v. Johnson,242 U.S. 344, 37 S.Ct. 178, 61 L.Ed. 352, Ann. Cas. 1917B, 801; Smith v. State of Texas, 233 U.S. 630, 34 S.Ct. 681,58 L.Ed. 1129, L.R.A. 1915D, 677; Watson v. Maryland,218 U.S. 173, 30 S.Ct. 644, 54 L.Ed. 987; Collins v. Texas,223 U.S. 288, 32 S.Ct. 286, 56 L.Ed. 439.
The power by legislative agents to make rules is an administrative function or discretion, and can be justified only in the right to make reasonable rules to limit and regulate the future conduct of those observing or coming in conflict therewith (Whaley v. State, 168 Ala. 152, 52 So. 941, 30 L.R.A. [N. S.] 499; Birmingham R., L. P. Co. v. Kyser,203 Ala. 121, 82 So. 151), and not in the giving of retroactive or ex post facto effect. See authorities in Lehmann v. State Board of Public Accountancy, 208 Ala. 193, 194, 94 So. 94.
It may be further said that the right of the state to regulate certain occupations which may become unsafe or dangerous, if unrestrained and unregulated, with the view of protecting the public health and welfare, has been recognized by the Supreme Court of the United States in authorities cited and in a discussion of People of State of New York ex rel. Lieberman v. Van De Carr, Warden, 199 U.S. 552, 26 S.Ct. 144,50 L.Ed. 305. Such regulation, however, is required to be uniform, and that the board shall not act arbitrarily as to the matter in hand.
With such understanding of the federal authorities, and those of this jurisdiction, under the definition of "practice" contained in section 2 of the instant act, the qualifications for admission to practice cosmetology contained in section 5, the examination provided for students in section 8, and the authority in section 10 to make reasonable rules and regulations for the operation of such schools, we are not impressed that the board of examiners provided by the act are vested with the arbitrary power to grant a license to one to practice that vocation and to refuse or revoke the license of another similarly situated. That is to say, the act does not deny the equal protection of the law and does not abridge the privilege or immunities under the Fourteenth Amendment to the Constitution of the United States; nor is it offensive to any other provisions of organic law, state or federal, that have been brought to our attention.
The judgment of the circuit court sustaining respondent's demurrer to the relator's petition and dismissing the same is affirmed.
Affirmed.
ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.
[1] Ante, p. 2.