42 So.2d 81

**In re OPINION OF THE JUSTICES.**
**No. 107.**

Supreme Court of Alabama.
Aug. 29, 1949.

Opinion of the Justices of the Supreme Court in answer to questions propounded by the House of Representatives, as to the constitutionality of House Bill 1095, relating to the levy of an excise tax on gasoline in Jackson County.

House Resolution No. 137

Be it resolved by the House of Representatives:

The Justices of the Supreme Court are respectfully requested to give the House their written opinions concerning the constitutionality of H. B. 1095, a copy of which bill, now pending before this body, is attached.

1. Does said bill violate the provisions of Section 45 of the Constitution?

2. Is the provision authorizing the governing body of Jackson County to levy a gasoline tax only in the event a majority of those participating at a referendum election favor it violative of Section 212 of the Constitution?

3. As advertised and introduced Section XIII of said bill provides: "The proceeds of the excise tax authorized in this Act, when collected by the governing body of Jackson County as above authorized, shall be paid into the Special Buildings, Bridges and Road Fund of Jackson County, Alabama, and shall be used exclusively for the construction, building, maintenance and repair of the public roads, public buildings and bridges of Jackson County, Alabama."

The House proposes to amend said section by striking therefrom the words "public buildings." Question: Will such amendment constitute a material departure from the advertisement and make the Act violative of Section 106 of the Constitution?

The title of the bill is as follows:

### An Act

To authorize the governing body of Jackson County, Alabama, to call an election in said County for the purpose of determining whether or not an excise tax on persons, corporations, copartnerships, companies, agencies and associations engaged in the business of selling, distributing, storing or withdrawing from storage for any purpose whatsoever, gasoline or other liquid motor fuel or devices or substitutes therefor in said County shall be imposed; to provide for the collection and payment of such tax and to provide the distribution and the use of the funds derived therefrom; to authorize the governing body of such County to make reasonable rules and regulations for the collection of such tax, and to provide the enforcement of this Act and to fix the penalty for the violation of any provision of this Act and of the rules and regulations prescribed by the governing body of such County for the collection of such tax.

Pertinent parts of the bill are as follows:

Section I. The governing body of Jackson County, Alabama, is hereby authorized to call an election of the qualified voters of said county for the purpose of determining whether or not there shall be imposed an excise tax of 2¢ per gallon upon gasoline or other motor fuels in said county. * * *

Section III. Should a majority of those participating in said election vote for the imposition of said excise tax, the governing body of Jackson County, Alabama, may impose an excise tax not exceeding 2¢ per

gallon on persons, corporations, copartnerships, companies, agencies or associations engaged in the business of selling, distributing, storing, or withdrawing from storage for any purpose whatever, gasoline or other liquid motor fuels or devices or substitutes therefor in Jackson County, Alabama, * * *.

Section XIII. The proceeds of the excise tax authorized in this Act, when collected by the governing body of Jackson County as above authorized, shall be paid into the Special Buildings, Bridges and Road Fund of Jackson County, Alabama, and shall be used exclusively for the construction, building, maintenance and repair of the public roads, public · buildings and bridges of Jackson County, Alabama.

"The House of Representatives of Alabama

"State Capitol

"Montgomery, Alabama

"Dear Sirs:

"We acknowledge receipt of your communication of· August 19th enclosing copy of H. R. No. 137 as regards certain constitutional questions concerning H. B. 1095.

 The proposed act does not violate Section 45 of the Constitution of 1901. The purpose of this constitutional provision that each law shall contain but one subject which shall be clearly expressed in its title was well stated in Ballentyne v. Wickersham, 75 Ala. 533, and has been so frequently restated as to require no restatement here. Dearborn v. Johnson, 234 Ala. 84, 173 So. 864. "There was nothing in the bill that was not referable to the title." Houston County v. Covington, 233 Ala. 606, 172 So. 882, 883. Accordingly we answer your first question in the negative.

 We do not consider that the proposed act is violative of Section 212 of the Constitution of 1901. Counties have such power of taxation as is delegated to them by legislative authority, subject, of course, to constitutional limitations. Mills v. Court of Commissioners, 204 Ala. 40, 85 So. 564. The proposed bill authorizes a tax to be imposed by the governing body of Jackson County, subject to the vote of the people as will be noted. The delegation of the power to tax to the county is not the dele-gation of the power either to individuals or to private corporations or associations. Schultes v. Eberly, 82 Ala. 242, 2 So. 345. The fact that the governing body in Jackson County, Alabama, may not levy the tax unless and until there is a vote in favor of the tax by a majority vote as provided in the act, does not militate against the validity of the proposed act. Opinion of the Justices, 232 Ala. 60, 166 So. 710. The county governing body of Jackson County is not required to levy the tax even though a majority of those voting at the election express the desire that it be levied. The bill leaves to the county governing body the authority to determine whether the tax shall be levied even though the election results indicate that the majority of those voting approve of the tax. We accordingly answer your second question in the negative.

 The proposed amendment is not a legislative detail, but removes from the act one of the three stated objects of public works and improvements which are to receive the benefits of the proposed tax. The three stated objects which are to be constructed, built, maintained and repaired, are public roads, public buildings and bridges. When public buildings are removed from the bill only public roads and bridges are left and if public buildings can be stricken from the bill, then public roads or bridges can also be stricken. This goes to the substance of the proposed act, as advertised, which cannot be materially changed or contradicted. First Nat'l. Bank of Eutaw v. Smith, 217 Ala. 482, 117 So. 38; State ex rel. Wilkinson v. Allen, 219 Ala. 590, 123 So. 36; Foreman v. Davis, Pres. etc., 238 Ala. 666, 193 So. 161, 165. "The notice is to advise the people of the substance of the proposed law. To omit a substantive provision incorporated in the notice, is to mislead and lull the people into acquiescence." Foreman v. Davis, supra.

"The case of Houston County v. Covington, supra, is not contrary to the views here expressed. The meaning of that authority is explained in the opinion on rehearing in Shades Valley Land Co. v. City of Homewood, 235 Ala. 462, 179 So. 815, where it is shown that the purposes for which the

564

tax is to be expended remain the same. So we answer your third question in the affirmative.

"Respectfully submitted,
"J. ED LIVINGSTON,
"THOMAS S. LAWSON,
"ROBERT T. SIMPSON,
"DAVIS F. STAKELY,
Associate Justices."