81 So.2d 697

**OPINION OF THE JUSTICES.**

No. 145.

Supreme Court of Alabama.

July 11, 1955.

House of Representatives
State Capitol
Montgomery, Alabama

Sirs:

We acknowledge receipt of your request for an advisory opinion as follows:

"Resolved by the House of Representatives, that the Justices of the Supreme Court of Alabama, or a majority of them, are hereby respectfully requested to give this body their written opinions concerning the constitutionality of H.B. *15*, a bill to be entitled an act creating a board of apportionment and defining its powers and duties, a true copy of which is attached to this Resolution and made a part thereof by reference.

"Question 1.  If duly enacted, would H. B. *15* be violative of Section 44 of the Constitution?

"Question 2.  If duly enacted, would the Act violate the provisions of Article IX of the Constitution of 1901, which make it the duty of the Legislature to reapportion the Legislature after each federal decennial census?

"Question 3.  Does the Legislature have the power to delegate to executive officers of the State its authority to reapportion representation in the Legislature?"

House Bill 15

"A Bill
To Be Entitled
An Act

"Creating a board of apportionment and defining its powers and duties.

"Be It Enacted By The Legislature of Alabama:

"Section 1.  A board, to be known as 'The Board of Apportionment,' consisting of the Attorney General, who shall be chairman, the Secretary of State, the State Auditor, the State Treasurer, the Commissioner of Agriculture and Industries, and the State Superintendent of Education, is hereby created.  All power to reapportion the house of representatives and the state senate after each federal decennial census is vested in the Board of Apportionment.  The action of the majority of the board shall be deemed the action of the board.

"Section 2.  Immediately following the publication of the final figures of each decennial census of the population of the United States, the Board of Apportionment shall meet and reapportion the seats in the house of representatives by the method known as the method of smallest divisors. At the same time the board shall divide the State into senatorial districts in such a manner as is prescribed in Article IX of the Constitution.  The first reapportionment shall be made by the board within six months after the effective date of this Act.

"The Board of Apportionment shall have no power to change the total number of members of either house of the Legislature.

"The new apportionment shall be completed as rapidly as possible by the board, and shall govern any election for which the primary filing deadline occurs thirty or more days after the board announces its new apportionment.

"Section 3.  Original jurisdiction (to be exercised on application of any citizen and taxpayer) is hereby vested in the Supreme Court of Alabama to compel by mandamus the board to perform its duties as directed herein.

"Section 4.  This Act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law."

It is apparent that H.B. 15 gives to the Board of Apportionment, therein provided for, "all power to reapportion the house of representatives and the state senate after each federal decennial census". It is our opinion that this constitutes an unlawful delegation by the legislature of a duty specifically confided to the legislature by §§ 199 and 200, Art. IX, Constitution, 1901.  These sections are as follows:

"Sec. 199.  It shall be *the duty of the legislature* at its first session after the taking of the decennial census of the

United States in the year nineteen hundred and ten, and after each subsequent decennial census, *to fix by law* the number of representatives and apportion them among the several counties of the state, according to the number of inhabitants in them, respectively; provided, that each county shall be entitled to at least one representative. [Emphasis supplied.]

"Sec. 200. It shall be *the duty of the legislature* at its first session after taking of the decennial census of the United States in the year nineteen hundred and ten, and after each subsequent decennial census, *to fix by law* the number of senators, and to divide the state into as many senatorial districts as there are senators, which districts shall be as nearly equal to each other in the number of inhabitants as may be, and each shall be entitled to one senator, and no more; and such districts, when formed, shall not be changed until the next apportioning session of the legislature, after the next decennial census of the United States shall have been taken; provided, that counties created after the next preceding apportioning session of the legislature may be attached to senatorial districts. No county shall be divided between two districts, and no district shall be made up of two or more counties not contiguous to each other." [Emphasis supplied.]

It seems too clear to admit of argument that the duty of apportioning representation in the legislature is thus made to rest exclusively with the legislature itself. And that duty and responsibility may not be delegated or transferred to any other department of the government, or to any board or agency, either public or private.

■ Aside from this clearly intended purpose of the constitutional provisions, we think your inquiry may be answered by pointing out that the apportionment of representation in the legislature is already fixed by statute, Code 1940, Tit. 32, §§ 1, 2; in this connection, see Const.1901, §§ 202, 203; that any change in the apportionment so

provided for necessarily would have the effect of amending, suspending or repealing such law, thereby involving the exercise of the power to legislate; that the power to legislate rests exclusively with the legislature; and that the legislature cannot delegate that power. Const.1901, §§ 43, 44; Mead v. Eagerton, 255 Ala. 66, 73, 50 So.2d 253; Opinion of the Justices, 244 Ala. 386, 389, 13 So.2d 674; In re Opinions of the Justices, 232 Ala. 56, 58, 166 So. 706; Parke v. Bradley, 204 Ala. 455, 456, 86 So. 28; Fox v. McDonald, 101 Ala. 51, 65, 13 So. 416, 21 L.R.A. 529, 46 Am.St.Rep. 98; 1 Cooley's Constitutional Limitations, p. 224; 11 Am.Jur., Constitutional Law, § 214, et seq., p. 921; 16 C.J.S., Constitutional Law, §§ 133, 138, pages 337, 348.

It is thus stated in Parke v. Bradley, supra, 204 Ala. at page 456, 86 So. at page 29:

"It is too well settled for further controversy that the Legislature of Alabama may delegate to officers, or boards, or commissioners, of its own creation and appointment, various governmental powers for the more efficient administration of the laws, *subject always to the clearly implied limitation of the Constitution that the lawmaking power, invested exclusively in the Legislature, cannot be delegated to any other department of the government, or to any other agency, either public or private.* * * *." [Emphasis supplied.]

The principle is stated in 1 Cooley's Constitutional Limitations, p. 224, supra, as follows:

"One of the settled maxims in constitutional law is, that the power conferred upon the legislature to make laws cannot be delegated by that department to any other body or authority. Where the sovereign power of the State has located the authority, there it must remain; and by the constitutional agency alone the laws must be made until the constitution itself is changed. The power to whose judgment, wisdom, and patriotism this high prerogative has been intrusted cannot relieve itself of the responsibility by

choosing other agencies upon which the power shall be devolved, nor can it substitute the judgment, wisdom, and patriotism of any other body for those to which alone the people have seen fit to confide this sovereign trust."

Questions 1 and 2 are answered "yes". Question 3 is answered "no".

Respectfully submitted,

J. ED LIVINGSTON
Chief Justice
THOMAS S. LAWSON
ROBERT T. SIMPSON
DAVIS F. STAKELY
JOHN L. GOODWYN
PELHAM J. MERRILL
JAMES J. MAYFIELD
Associate Justices.