115 So.2d 484

OPINION OF THE JUSTICES.
No. 166.

Supreme Court of Alabama.
Nov. 5, 1959.

The House of Representatives
State Capitol
Montgomery, Alabama

Gentlemen:

We acknowledge receipt of House Resolution No. 68, in which you request advisory opinion concerning the constitutionality of House Bill No. 782, the title of which recites as follows:

"A Bill
To Be Entitled
An Act

"To apply in, but only in, counties which have a population of 500,000 or more, according to the last or any subsequent Federal Census, and which counties are, or hereafter become, Wet Counties under Section 68 of Title 29 of the 1940 Code of Alabama; and to require the payment to such counties of a license tax, in addition to all other taxes and licenses required by law, of ten cents on each quantity of less than one half pint, and twenty-five cents on each one half pint or more of alcoholic, spirituous, vinous or fermented liquor sold, distributed, delivered, stored, or taken out of storage within such counties; and to provide for the ascertainment, collection, payment and distribution of such license tax and for the enforcement of this Act; and to prescribe penalties and fix punishment for the violation of any of the provisions of this Act."

House Resolution No. 68 recites as follows:

"House Resolution No. 68

"Be It Resolved By the House of Representatives of Alabama that the Honorable Chief Justices and Associate Justices of the Supreme Court of Alabama, or a majority of them, are hereby respectfully requested to give this body their written opinions on the following important constitutional questions that have arisen concerning the pending bill, House Bill No. 782, a true and correct copy of this is attached hereto:

"1. Does the bill propose a general law within the meaning of Section 110 of the Constitution?

"2. Do the provisions of the bill that authorize the use of the proceeds of the tax for four separate and different purposes, some county and some municipal, violate the provisions of Section 45 of the Constitution that no law shall contain more than one subject?

"3. Is the bill a 'revenue bill' that cannot be passed within the last five days of a session of the legislature without violating Section 70 of the Constitution?"

Your questions will be answered in numerical order.

1. The bill proposes a general law within the meaning of Section 110 of the Constitution. Opinion of the Justices, 263 Ala. 174, 81 So.2d 699 [1]; Wages v. State, 225 Ala. 2, 141 So. 707 [4]; State ex rel. Dally v. Woodall, 225 Ala. 178, 142 So. 838 [1]; State ex rel. Ward v. Henry, 224 Ala. 224, 139 So. 278 [7]; State ex rel. Russum v. County Commission of Jefferson County, 224 Ala. 229, 139 So. 243 [1]; Opinion of the Justices, this day rendered to the House of Representatives relating to House Bill 821; Opinion of the Justices, 249 Ala. 511, 31 So.2d 721. Accordingly,

we answer your first question in the affirmative.

■ 2. We answer this question in the negative. Nachman v. State Tax Commission, 233 Ala. 628, 173 So. 25; Yeilding v. State ex rel. Wilkinson, 232 Ala. 292, 167 So. 580; In re Opinion of the Justices, 252 Ala. 561, 42 So.2d 81.

■ 3. We answer this question in the negative. Although the bill levies a tax, it is not a "revenue bill" within the meaning of the last sentence of Section 70 of the Constitution of 1901. That constitutional limitation on the legislative power applies only to the general revenue bill. In re Opinions of the Justices, 223 Ala. 369, 136 So. 589; Woco Pep Co. of Montgomery v. Butler, 225 Ala. 256, 142 So. 509; In re Opinions of the Justices, 233 Ala. 463, 172 So. 661; Dorsky v. Brown, 255 Ala. 238, 51 So.2d 360.

Respectfully submitted,
J. ED LIVINGSTON
Chief Justice
ROBERT T. SIMPSON
DAVIS F. STAKELY
PELHAM J. MERRILL
Associate Justices.

We have made it clear in our cases and in advisory opinions that classification on a population basis cannot be made where the act presents a double classification or other limitations hedging it about so as to prevent its operation in all political subdivisions now or hereafter coming within the population classification or where future legislation is required to make the classification applicable to all such political subdivisions. Henry, County Treasurer, v. Wilson, 224 Ala. 261, 139 So. 259; Ward v. State ex rel. Lea, 224 Ala. 242, 139 So. 416; Jefferson County v. Busby, 226 Ala. 293, 148 So. 411; In re Opinion of the Justices, 256 Ala. 160, 53 So.2d 881.

We judicially know that at the present time the proposed bill, if enacted into law, will be applicable only to Jefferson County.

It may be reasonable to assume from the standpoint of population that other counties will eventually come within the provisions of the proposed act.

However, we cannot assume that all counties which may eventually come within the population classification will be wet counties under § 68 of Title 29 of the 1940 Code of Alabama.

We judicially know that a majority of the counties of this state are dry counties. So it appears that there are counties which cannot be affected by the provisions of the bill in question if it is enacted into law even though they reach the population basis which is required, without first becoming wet counties as a result of an election held under § 68 of Title 29 of the 1940 Code.

This requirement prevents the proposed bill from being applicable to all counties simply by coming within the population classification. Hence, in our opinion, it is a local law.

It follows that we answer your first inquiry in the negative. This answer makes it unnecessary to respond to Questions 2 and 3.

Respectfully submitted,
THOMAS S. LAWSON
JOHN L. GOODWYN
Associate Justices.

To your questions presented in House Resolution No. 68 I respectfully respond as follows:

(1) Section 110 of the Constitution defines a general law as " * * * a law which applies to the whole state * * *." Jefferson County is the only county which now has a population of 500,000, or more, and is the only county to which H.B. 782

can presently apply. By its terms, H.B. 782 cannot apply to the whole state, but

"This court has recognized the differences in population as a proper basis of statutory classification in general enactments, though at the time of its passage the act may then apply only to one political subdivision of the state, just so there is a substantial difference in population, the classification is adopted in good faith, *is reasonably related to the purpose to be effected* and *to the difference in population which forms the basis thereof,* and is not merely arbitrary or a double or reclassification." (Emphasis supplied.) Opinion of the Justices, 249 Ala. 511, 514, 31 So.2d 721.

See also Opinion of the Justices, 263 Ala. 174, 81 So.2d 699 [1]; Wages v. State, 225 Ala. 2, 141 So. 707 [4]; State ex rel. Dally v. Woodall, 225 Ala. 178, 142 So. 838 [1]; State ex rel. Ward v. Henry, 224 Ala. 224, 139 So. 278 [7]; State ex rel. Russum v. County Commission of Jefferson County, 224 Ala. 229, 139 So. 243 [1].

H.B. 782 proposes to levy a license tax at the rate of a specified amount on the sale of certain alcoholic liquors in counties subject to the bill. The amount of the tax is measured by a fixed amount on the unit of quantity of the liquor sold. The purpose to be effected is the raising of revenue by a tax on each unit of volume sold, whether many units or few.

I am not able to find any reasonable relation between the purpose of the bill and the classification employed. It might reasonably be supposed that a greater quantity of liquor would be subject to tax in a larger than in a smaller county. Doubtless the larger county would require more revenue than a smaller county, but no reason appears to show why a smaller county would not require the proportionate amount of revenue that would be produced in the smaller county by the same tax on the units sold.

It appears to me that H.B. 782 cannot survive the test by which the character of a law as general is to be determined. No rational basis for the classification is present. The fact that the counties to be affected are the largest in the state bears no reasonable relation to the purpose of the act. City of Birmingham v. Moore, 248 Ala. 422, 27 So.2d 869; Thomas v. Ferguson, 267 Ala. 383, 102 So.2d 20; Smith v. Lancaster, ante, p. 579, 114 So.2d 568. I answer Question 1 in the negative.

No obstacle presently appears, however, to the enactment of a local law to accomplish the same purpose.

(2 and 3) I agree that Questions 2 and 3 should be answered in the negative.

Respectfully submitted,

JAS. S. COLEMAN, Jr.
Associate Justice.