115 So.2d 464

## OPINION OF THE JUSTICES.

### No. 167.

Supreme Court of Alabama.

Nov. 5, 1959.

House Resolution   No. 69

Be It Resolved By The House Of Representatives of Alabama that the Honorable Chief Justice and Associate Justices of the Supreme Court of Alabama, or a majority of them, are hereby respectfully requested to give this body their written

opinions on the following important constitutional questions that have arisen concerning a pending bill, House Bill No. 821, a true and correct copy of this is attached hereto:

1. Does the bill propose a general law within the meaning of Section 110 of the Constitution?

2. Do the referendum features of the bill provided for in Sections 1 and 17 constitute an unlawful delegation of the power to levy taxes in violation of Section 212 of the Constitution?

3. Does the referendum feature in Section 12 of the bill providing for a termination of the levy of the taxes authorized by the act permit the exercise of the power to suspend laws contrary to Section 21 of the Constitution?

4. Do the referendum features of the bill, as provided for in Sections 1 and 17, constitute an unlawful delegation of the legislative power in violation of Section 44 of the Constitution?

5. Do the references in Sections 3, 6, 8, 13 and 14 of the bill to Act No. 100, House 94, approved August 18, 1959, effective October 1, 1959, and article 11, chapter 20, Code of Alabama, 1940, as amended, violate the provisions of Section 45 of the Constitution that no law shall be revised, amended, or the powers thereof extended or conferred by reference to its title only; but that so much thereof as is revised, amended, extended or conferred, shall be reenacted and published at length?

6. Do the provisions of the bill for two taxes, a sales tax and a use tax, violate the provision of Section 45 that no law shall contain more than one subject?

7. Do the provisions of the bill that authorize the use of the proceeds of the tax for four separate and different purposes, some county and some municipal, violate the provisions of Section 45 of the Constitution that no law shall contain more than one subject?

8. Is the bill a "revenue bill" that cannot be passed within the last five days of a session of the legislature without violating Section 70 of the Constitution?

The House of Representatives
State Capitol
Montgomery, Alabama

Gentlemen:

Your inquiry set out above relates to HB 821, which bill provides for a sales tax and a use tax on certain specified sales and transactions in counties having a population of 500,000 or more. The bill contains referendum features in Sections 2 and 17. No questions are asked as to Section 2, but we set out Section 17 because questions are presented as to it:

"The levy and imposition of the taxes provided for herein in any county may be terminated in the following manner: upon the petition of ten percent of the number of voters voting in the last preceding general election being filed with the probate judge of the county, the judge must call an election for the county to determine the sentiment of the people as to whether or not the taxes shall be continued in effect in the county. Such election shall be held on the same day as the next primary, general, or special election that is held in the county, and shall be held and conducted in the manner provided by law for holding other county elections. Notice of the election shall be given by the judge of probate by publication once a week for four consecutive weeks next preceding the election in a newspaper published in the county. The cost of the election, including the cost of publishing the notice, shall be paid by the county. On the ballots or voting machine tabs to be used at the election the question shall be stated in substantially the following form: 'Shall the County sales and use taxes imposed pursuant to Act No. ———, approved ———, 19—, for the sick poor, education, county sewers and municipal aid,

be continued in effect? Yes ———, No ———.' Only qualified electors may vote in the election. If a majority of the voters voting in the election vote 'Yes,' the taxes levied pursuant to this Act shall remain in force and effect in the county. If a majority of the voters vote 'No,' the taxes shall terminate at midnight on the last day of the month during which the election is held."

We now consider your questions in the order in which they are asked.

1. The bill proposes a general law within the meaning of Sec. 110 of the Constitution. Opinion of the Justices, 249 Ala. 511, 31 So.2d 721; Opinion of the Justices, 263 Ala. 174, 81 So.2d 699; Wages v. State, 225 Ala. 2, 141 So. 707; State ex rel. Dally v. Woodall, 225 Ala. 178, 142 So. 838; State ex rel. Ward v. Henry, 224 Ala. 224, 139 So. 278; State ex rel. Russum v. County Commission of Jefferson County, 224 Ala. 229, 139 So. 243. Accordingly, we answer your first question in the affirmative.

2. The referendum features of the bill provided for in Section 17 do constitute an unlawful delegation of the power to levy taxes in violation of Sec. 212 of the Constitution. The instant bill differs from that bill considered in In re Opinion of the Justices, 252 Ala. 561, 42 So.2d 81. There, the governing body of Jackson County was not required to levy the tax even though a majority of those voting at the election expressed the desire that it be levied; and the bill left to the county governing body the authority to determine whether the tax should be levied even though the results of the election indicated that the majority of those voting approved the tax. Here, Section 17 of the bill gives no discretion to the county governing body as to the retention of the tax, providing that " * * * If a majority of the voters voting in the election vote 'Yes,' the taxes levied pursuant to this Act shall remain in force and effect in the county. If a majority of the voters vote 'No,' the taxes shall terminate at midnight

on the last day of the month during which the election is held."

Thus, the bill now under consideration is nothing short of a delegation to individuals, the voters of Jefferson County, the right and duty of levying and repealing the tax in question. In re Opinions of the Justices, 232 Ala. 56, 166 So. 706.

Accordingly, we answer your second question as to Section 17 of the bill in the affirmative. We note that there is no referendum feature in Section 1 of the bill.

3. There is no referendum feature in Section 12 of the bill.

4. It is not necessary to answer this question in view of our answer to No. 2 insofar as Section 17 is concerned.

5. The references in the act to another act and to statutes do not violate Sec. 45 of the Constitution merely because they adopt by reference the provisions of those other laws on the same subject. Ex parte Hanna, 267 Ala. 527, 103 So.2d 720; In re Opinion of the Justices, 262 Ala. 345, 81 So. 2d 277; Newton v. City of Tuscaloosa, 251 Ala. 209, 36 So.2d 487; Hutto v. Walker County, 185 Ala. 505, 64 So. 313. Therefore, our answer is in the negative.

6. We answer this question in the negative. The question must always be whether, taking from the title the subject, we can find anything in the bill which cannot be referred to that subject. If it does, the law embraces a subject not described in the title. But this conclusion should never be attained, except by argument characterized by liberality of construction, and freedom from all nice verbal criticism. Ex parte Pollard, 40 Ala. 77; Kendrick v. Boyd, 255 Ala. 53, 51 So.2d 694.

The object of the provision in Sec. 45 of the Constitution that each law shall contain but one subject has been held to be three-fold: first, to fairly apprise the people, through such publication of legisla-

**42**

tive proceedings as is usually made, of the subjects of legislation that are being considered, and in order that they may have the opportunity of being heard thereon, by petition or otherwise, if they shall so desire; second, truly to inform members of the legislature who are to vote upon the bill, what the subject of it is so that they may not perform that duty, deceived or ignorant of what they are doing; and third, to prevent the practice of embracing in one bill several distinct matters, none of which, perhaps, could singly obtain the assent of the legislature, and then procuring its passage by a combination of the minorities in favor of each of the measures, into a majority that will adopt them all. State ex rel. Bozeman v. Hester, 260 Ala. 566, 72 So.2d 61, and cases cited.

The clear intention of both the title and the body is to provide for the levy and collection of kindred taxes. The act has but one general subject which is fairly disclosed by its title. Norton v. Lusk, 248 Ala. 110, 26 So.2d 849, and cases there cited, and Dearborn v. Johnson, 234 Ala. 84, 173 So. 864. The mere fact that in some instances a sales tax is collected and in others a use tax is collected is not in violation of Sec. 45 of the Constitution.

■ 7. We answer this question in the negative. Nachman v. State Tax Commission, 233 Ala. 628, 173 So. 25; Yeilding v. State ex rel. Wilkinson, 232 Ala. 292, 167 So. 580; In re Opinion of the Justices, 252 Ala. 561, 42 So.2d 81.

■ 8. The bill is not such a "revenue bill" that cannot be passed within the last five days of the session of the legislature as required in Sec. 70 of the Constitution. While the bill under consideration is a bill to raise revenue, it is not a general revenue bill to which we have held that Sec. 70 is limited. In re Opinions of the Justices, 233 Ala. 463, 172 So. 661; Harris v. State ex rel. Williams, 228 Ala. 100, 151 So. 858; Woco Pep Co. of Montgomery v. Butler, 225 Ala. 256, 142 So. 509; In re

Opinions of the Justices, 223 Ala. 369, 136 So. 589.

Respectfully submitted,

J. ED LIVINGSTON,
Chief Justice.

THOMAS S. LAWSON,

ROBERT T. SIMPSON,

DAVIS F. STAKELY,

JOHN L. GOODWYN,

PELHAM J. MERRILL,
Associate Justices.