Opinions of the Justices, 223 Ala. 369, 136 So. 589.

115 So.2d 475

## OPINION OF THE JUSTICES.
### No. 168.

Supreme Court of Alabama.

Nov. 12, 1959.

H. R. No. 85

Be It Resolved by the House of Repre-' sentatives that the Honorable Chief Justice and Associate Justices of the. Supreme, Court of Alabama, or a majority of them, are hereby respectfully requested to give this body their written opinions on the following important Constitutional questions relating to the Substitute for House Bill No. 1025, now pending in the Legislature, and a copy of which is hereto attached:

1. Does the referendum feature of the Substitute, provided for in either Section 2 or Section 18 thereof, or the authorization to the governing body of the County in said Sections 2 and 18, to adopt and to continue or to repeal an order, ordinance or resolution levying the sales and use tax, constitute an unlawful delegation of the power to levy taxes in violation of Section 212 of the Constitution?

2. Does the advisory referendum feature in Section 18 of the Substitute or the authority to the County governing body to continue or to repeal the levy of the sales and use tax authorized by the Substitute permit the exercise of the power to suspend laws contrary to Section 21 of the Constitution?

3. Does the referendum feature of the Substitute, provided for in either Section 2 or Section 18 thereof, or the authorization to the governing body of the County in said Sections 2 and 18, to adopt and to continue or to repeal an order, ordinance or resolution levying the sales and use tax, constitute an unlawful delegation of the legislative power in violation of Sections 43 and 44 of the Constitution?

4. Will the submission pursuant to Section 2 or Section 18 of said Substitute for an advisory election on a sales and use tax to be used for four different purposes, towit, sewers, the school systems, the care of the sick poor, and municipal aid, as provided in Section 17 of the Substitute, violate the constitutional principle applied in the case of Town of Woodlawn v. Cain, 1902, 135 Ala. 369, 33 So. 149 to a tax election

called under Section 216 of the Constitution?

5. Is the allocation of 25% of the net proceeds of any tax levied pursuant to said Substitute among the municipalities of the county on a population basis with 42% to the school systems in the county, 25% for the care of the sick poor of the county, and 8% to the county for the construction of sewers and sewage disposal facilities, as provided in Section 17 of the Substitute, either

(a) arbitrary, or

(b) a subterfuge to shield one class and unduly burden another, or

(c) unlawfully oppressive

in violation of the due process clause of Section 6 of the Constitution (commented on in Garrett v. Colbert County Board of Education, 1950, 255 Ala. 86, 94, 50 So.2d 275)?

Substitute for House Bill No. 1025

A Bill
to Be Entitled
an Act

Relating to Jefferson County, Alabama; to provide for levying a license tax on persons and others engaging in selling tangible personal property at retail and on persons and others conducting places of amusement in said county, such tax to be measured by the gross receipts or gross proceeds of such businesses; to provide for levying an excise tax on the storage, use or other consumption in said county of tangible personal property purchased for use, storage or other consumption in said county; specifying sales and transactions that are exempt from the measurement of the license tax; specifying property the use, storage or other consumption of which is exempt from the excise tax; providing for payment of said taxes, making reports and maintaining records with respect thereto, the collection of said taxes, and the enforcement of the provisions of this act; making applicable to the taxes herein levied and adopting certain provisions of Act No. 100, H. B. 94, approved August 18, 1959, effective October 1, 1959, and Article 11 of Chapter 20, Title 51, Code of Alabama, as amended; providing for the filing of reports with and the payment of tax to the director of the Department of Revenue of Jefferson County, Alabama, and providing for the enforcement of this act by said Director of Revenue of Jefferson County, Alabama; providing that the said license tax shall be added to the sales price or admission fee and passed on to the purchaser or person paying the said sales price or admission fee; providing for the use of the revenues from said taxes; providing for referenda or elections of the qualified electors for making the taxes applicable to said county; and providing for the termination of the taxes imposed subject to referenda or elections of the qualified electors of said county.

Section 2. The County Commission of Jefferson County, Alabama, at the next general, special, or primary election held in the county, after this Act becomes applicable to the county, shall call and provide for holding an election of the qualified voters of the county for the purpose of determining whether or not there shall be levied and imposed additional license and excise taxes as provided in this Act. Notice of the election shall be given not more than 45 nor less than 30 days before the day set for the election, by publication in a newspaper published in the county once a week for four successive weeks. The election shall be held and conducted in the manner provided by law for holding other county elections. The cost of the election, including the cost of publishing the notice, shall be paid by the county. The question to be voted on shall be stated on the ballots or voting machine tabs, as the case may be, substantially as follows: "Do you favor the county leving a county sales tax and a county use tax for the sick poor, education, county sewers and municipal aid, as provided in Act No. ——, approved ————, 1959?" If a majority of the voters participating in the election vote in favor of the imposition of such taxes, the County Commission may there-

upon adopt an ordinance, order or resolution levying the taxes provided for in this Act. If, on the other hand, a majority of the voters participating in the election disapprove the levying of such taxes in the county, no levy of any tax shall be made in such county under this Act. If the levy herein provided for becomes operative as herein provided, the county governing body shall forthwith give notice thereof to the Director.

Section 18. At any time following the levy and imposition of the taxes provided for herein, and upon the petition of ten percent (10%) of the number of voters voting in the last preceding general election being filed with the probate judge of the county, the judge must call an election for the county to determine the sentiment of the people as to whether or not the taxes shall be continued in effect in the county. Such election shall be held on the same day as the next primary, general, or special election that is held in the county, and shall be held and conducted in the manner provided by law for holding other county elections. Notice of the election shall be given by the judge of probate by publication once a week for four consecutive weeks next preceding the election in a newspaper published in the county. All costs of the election, including, but not limited to, the cost of publishing the notice and cost of renting voting machines shall be paid by the following on the bases specified:

(1) Twenty-five percent (25%) of such cost shall be paid by the board of trustees of the University of Alabama; (2) forty-two percent (42%) of such cost shall be divided among the school systems of the county to which state and county funds are distributed on the basis of teacher units; (3) eight percent (8%) of such cost shall be paid by Jefferson County, Alabama; (4) twenty-five percent (25%) shall be paid by the City of Birmingham.

If a majority of the voters participating in the election vote in favor of the continuation of such tax, then the county commission may thereupon continue said tax in effect. If, on the other hand, a majority of the voters participating in the election disapprove the continuation of such taxes in the county, the county commission may adopt an ordinance, order or resolution repealing the taxes provided by this Act.

The House of Representatives
State Capitol
Montgomery, Alabama

Dear Sirs:

We have your inquiry of October 28, 1959, requesting an advisory opinion on the Substitute for House Bill No. 1025 as set out in House Resolution No. 85. We note that House Resolution 85 was adopted by the House of Representatives on October 27, 1959. We attach to this letter a copy of the constitutional questions contained in your inquiry and pertinent provisions of the Substitute for House Bill 1025 as set out in House Resolution 85.

We make answer to the following inquiries:

1. To question No. 1 our answer is No. The referendum feature set out in § 2 and § 18 is merely advisory. The actual and final decision must be made by the governing body of the county and accordingly there is no unlawful delegation of the power to levy taxes to individuals or private corporations or associations. In re Opinion of the Justices, 252 Ala. 561, 42 So.2d 81; Opinion of the Justices, 253 Ala. 111, 43 So.2d 3; Childers v. Shepherd, 142 Ala. 385, 39 So. 235.

2. To question No. 2 our answer is No. We find no power to suspend a law contrary to § 21 of the Constitution. While the proposed statute contains a permissive power to repeal the taxes, this is not the equivalent of a power to suspend the statute. See Dearborn v. Johnson, 234 Ala. 84, 173 So. 864.

3. To question No. 3 our answer is in the negative. We do not consider that the proposed substitute to House Bill No.

**46**

1025 constitutes an unlawful delegation of the legislative power in violation of either § 43 or § 44 of the Constitution. In re Opinion of the Justices, 252 Ala. 561, 42 So.2d 81; Mills v. Court of Com'rs of Conecuk County, 204 Ala. 40, 85 So. 564; Opinion of the Justices, 249 Ala. 511, 31 So.2d 721.

4. In answer to question No. 4 we do not consider that question 4 presents a constitutional question but rather requests an opinion on the construction of the proposed statute. There is no constitutional limitation on the power of the legislature to levy the specific taxes authorized by the proposed bill. The case of Town of Woodlawn v. Cain, 135 Ala. 369, 33 So. 149, related to the power of the legislature to impose a tax on property. Section 216 of the Constitution is a limitation on the power to tax property. Ex parte City Council of Montgomery, In re Knox, 64 Ala. 463; Capital City Water Co. v. Board of Revenue of Montgomery County, 117 Ala. 303, 310, 23 So. 970.

5. Our answer to question No. 5 is in the negative. Garrett v. Colbert County Board of Education, 255 Ala. 86, 50 So. 2d 275.

The foregoing is expressive of our views on these important constitutional questions based on the very limited research and study which we have been able to make in view of the short time which has intervened between our receipt of your inquiry and the scheduled sine die adjournment of your body.

Respectfully submitted,

J. ED LIVINGSTON
Chief Justice.

THOMAS S. LAWSON

ROBERT T. SIMPSON

DAVIS F. STAKELY·

PELHAM J. MERRILL

JAMES S. COLEMAN, Jr.
Justices.