251 So.2d 739

**OPINION OF THE JUSTICES.**

**No. 201.**

Supreme Court of Alabama.

June 15, 1971.

The House of Representatives propounded two questions to the Justices of the Supreme Court concerning House Bill 47 and amendments thereto of the 1971 Regular Session. The Bill increased certain motor vehicle and registration fees; the amendments changed the caption and the body of the Bill to provide for a special election giving the electorate the right to determine whether or not the bill should become effective. The questions were directed to the constitutionality of the amendments in view of Section 44 of the Constitution of Alabama 1901 and Section 212 of said Constitution. The Court was of the opinion that the amendments were repugnant to the Sections 44 and 212 of the Constitution being unlawful delegation of legislative power.

The Resolution of the House of Representatives was as follows:

H.R. No. 43

BE IT RESOLVED by the House of Representatives of Alabama that, pursuant to the provisions of Section 34 of Title 13 of the Code of Alabama 1940, the said House of Representatives hereby respectfully requests the opinion of the Honorable Chief Justice and the Associate Justices of the Supreme Court of Alabama on the following important constitutional questions:

(1) Will House Bill 47 introduced at the 1971 Regular Session of the Legislature of Alabama, if amended by proposed Drake Amendment violate Section 44 of the Constitution of Alabama of 1901?

(2) Will the said House Bill 47, if so amended, violate Section 212 of the said Constitution?

Attached to this resolution is a copy of the said House Bill 47 as introduced and of the proposed Drake amendment thereto.

Questions answered.

To the Honorable Speaker and Members of the House of Representatives of Alabama

State Capitol

Montgomery, Alabama

Dear Sirs and Madam:

By letter of June 8, 1971, Honorable John W. Pemberton, Clerk, Alabama House of Representatives, forwarded us copies of the foregoing House Resolution No. 43 in which you requested our opinions on the questions posed.

House Bill 47, referred to in the Resolution, is entitled an Act "To amend Sections 697, 712, and 713 of Title 51 of the Code of Alabama 1940, as heretofore amended, so as to make further provisions with respect to motor vehicle licenses and registration fees, including provisions respecting the disposition of the proceeds of the said licenses and fees."

The Bill would amend Title 51, §§ 697, 712 and 713, Code of Alabama 1940, to secure additional motor vehicle licenses and registration fees from trucks and truck tractors through adoption of a supplemental "schedule of additional amounts" which would apply to vehicles whose gross vehicle weight exceeds 30,000 pounds. The proceeds from these additional licenses and registration fees (as well as proceeds from existing fees) are to be applied towards retirement of certain subsisting highway bond issues and those additional bonds to be (in the words of the Bill) "issued by the said Alabama Highway Authority under the provisions of an act adopted at the 1971 Regular Session of the Legislature."

The Drake amendment to House Bill 47 would,

"(A) Amend the title to House Bill 47 by changing the period at the end thereof to a semicolon and adding to the said title the following:

"'and to provide for a state-wide special election for submission to the qualified electors of the state the question whether the provisions of Sections 1, 2 and 3 of this Act shall become effective; and to provide that the said sections shall become effective only in the event of an affirmative vote at the said election.'"

It would also amend Section 4 by substituting in lieu thereof a Section 4 to provide for: the proclamation calling the election; the publication of the proclamation; holding the election; the question to be submitted at the election; and paying the election expenses.

Finally, the amendment would add the following additional section:

"Section 5. This Act shall become effective immediately upon its approval by the Governor or its otherwise becoming law; provided, however, that Sections 1, 2 and 3, inclusive, of this Act shall become effective only if a majority of the qualified electors of the state voting at the election provided for in Section 4 hereof vote 'yes' on the question submitted at the said election; and, in the event of such an affirmative vote, this Act shall become effective on the October 1 next succeeding date of said election."

In accordance with your request, we answer your inquiries as follows:

(1) Our answer to your question (1) is Yes. If the Drake amendment is adopted, it is our opinion that House Bill 47 will violate Section 44, Constitution of 1901, which provides:

"Section 44. The legislative power of this state shall be vested in a legislature, which shall consist of a senate and a house of representatives."

The Drake amendment provides that Sections 1, 2 and 3 of the Act "shall become effective only if a majority of the qualified electors of the state * * * vote 'yes' on the question submitted at the said

election." Thus, should the amendment be adopted, whether there shall be increases in the motor vehicle licenses and registration fees (as provided for in Sections 1, 2, and 3 of the Bill) would be determined by a referendum rather than by the legislature. This, we conclude is contrary to, and an unconstitutional exercise of, the powers vested in the legislature under Section 44, supra.

Over thirty-five years ago, the justices on this court expressed their views on this subject, as reported in In re Opinions of the Justices, 232 Ala. 56, 166 So. 706, when they were confronted with an almost identical factual situation. In that instance, the opinions of the justices were sought, as to whether a provision in a pending bill, providing for the submission to the qualified electors of the state the question as to whether or not a sales tax should become effective, rendered that bill unconstitutional.

Three of the justices on the court wrote:

"It is perfectly apparent these provisions show an intent that this act shall not become a law unless made so by an affirmative vote of the qualified voters. If, therefore, the provision for a referendum is unconstitutional and void, the Act cannot become effective in any event.

"The Constitution of Alabama decrees: 'Section 44. The legislative power of this state shall be vested in a legislature which shall consist of a senate and a house of representatives.'

"Here is the express constitutional provision for representative government, as distinguished from one of direct legislation by the people. It is based on the concept that democratic government functions best through a written Constitution vesting the full legislative power in representatives chosen by the people from all sections of the state, sitting together in two distinct deliberative bodies, with full power to give hearings, make inquiries as to all matters shedding light on the wisdom and fairness of the proposed legislation. Numerous safeguards in the passage of laws are provided, not

the least of which is a veto power in the Governor.

"The general proposition is everywhere recognized that the Legislature cannot delegate its legislative powers, save as authorized by the Constitution itself.

"The power to delegate to counties and cities certain legislative powers relating to local governments is a part of the full legislative powers conferred on the Legislature. The power to prescribe the manner in which local governments shall function includes the power to provide for local referendums. The Constitution itself provides for local referendums in several instances, especially those where bonded indebtedness on long-term levies of taxes are to be imposed.

"But our Constitution provides for no state referendum except on amendments to the Constitution, wherein the action of the people shall become permanent until changed by themselves through further amendment.

"By the great weight of authority in America it is firmly held that an enactment to become the law of the state or not, as the result of a state-wide election, called in the act, is a delegation of legislative power or an abrogation of the power conferred on the Legislature, a departure from the fundamental principles of representative government."

These three justices concluded that the proposed sales tax act, in providing for a referendum, was unconstitutional and void under Section 44.

We think the expressions of these justices are relevant to, and determinative of the first question you have posed. We reaffirm the opinions they have expressed.

The other four justices on the court concurred "in the foregoing conclusion as to the act providing for a sales tax and in the view that so much thereof as called for a referendum is invalid." These jus-

tices concluded their opinion with the following observation with which we agree:

" * * * section 212 of the Constitution is as follows: 'The power to levy taxes shall not be delegated to individuals or private corporations or associations.'

"The bill now under consideration is nothing short of a delegation to individuals, that is, the voters of the state, the right and duty of levying the tax in question.

" 'It is a general rule of constitutional law that a sovereign power conferred by the people upon any one branch or department of the government is not to be delegated by that branch or department to any other. This is a principle which pervades our whole political system and when properly understood admits no exception. And it is applicable with peculiar force to the case of taxation. The power to tax is the legislative power. The people have created a legislative department for the exercise of the legislative power; and within that power lies the authority to describe the rules of taxation and to regulate the manner in which those rules shall be given effect. The people have not authorized this department to relieve itself of the responsibility by a substitution of other agencies.' Cooley on Taxation, pp. 99 and 100.

"The tax in question not being one of the kind to be levied by an election as provided by our Constitution, the levy of same is peculiarly within the province of the Legislature who has no right to delegate the responsibility to the individual voters of the state."

In re Opinions of the Justices, supra, has been noted, quoted and followed in a number of decisions or opinions of the justices of this court beginning in 1936 to 1967, the latest reported decision being Wallace v. Board of Education of Montgomery County, 280 Ala. 635, 197 So.2d 428 (1967). The following are recent decisions or opinions of the justices which have followed the views laid down in In

re Opinions of the Justices, supra, to the effect that the power to legislate lies exclusively with the legislature and is nondelegable: Opinion of the Justices, 263 Ala. 153, 81 So.2d 697 (1955); Al Means, Inc. v. City of Montgomery, 268 Ala. 31, 104 So.2d 816 (1958); Opinion of the Justices, 270 Ala. 38, 115 So.2d 464 (1959); Wallace v. Board of Education of Montgomery County, supra (1967).

(2) It is not necessary to answer your question (2) in view of our answer to your question (1).

Nevertheless, the two questions are so closely intertwined that we think we may say that the answer to (2) is to be found in the quotation, supra, from the opinions of the four justices in In re Opinions of the Justices, supra. These four justices clearly thought the bill to be unconstitutional under Section 212 and we agree.

Thus, since we are in accord with the views expressed in In re Opinions of the Justices, supra, we are of the opinion that the proposed Drake Amendment (providing for a referendum as to whether or not Sections 1, 2, and 3 of the Act should become effective), if adopted, would render the bill unconstitutional under Sections 44 and 212 of our Constitution, being a delegation by the legislature of a non-delegable duty and an abrogation of the power conferred by the Constitution on the legislature.

Respectfully submitted,

HOWELL T. HEFLIN
  Chief Justice

THOMAS S. LAWSON

ROBERT T. SIMPSON

PELHAM J. MERRILL

JAMES S. COLEMAN, JR.

ROBERT B. HARWOOD

JAMES N. BLOODWORTH

HUGH MADDOX

DANIEL T. McCALL
  Justices.