This is an appeal of a declaratory judgment action in which the trial court held valid Amendment Number 255 to the Alabama Constitution. We affirm.
Plaintiffs/Appellants are members of the Winston County Commission. They filed suit against the qualified electors of Winston County, seeking a judgment declaring that Amendment 255 violated the constitutions of the United States and Alabama. The amendment reads as follows:
 The legislature shall not pass a special or local law affecting Winston county or any city, town, village, district, or other such political subdivision of the county, unless the operation of such law shall be approved by a vote of the duly qualified electors of such county, city, town, village, district, or other political subdivision of the county, at an election held for such purpose, in the manner prescribed by such law.
Ala. Const. amend. 255. The amendment thus gives the voters of Winston County autonomy, in that the Alabama Legislature cannot enact legislation affecting that county without the approval of the electors thereof.
The Commissioners' position is reflected in the following statement made during the hearing below:
 Winston County needs to get laws passed in Montgomery to allow it to generate additional revenues in order to keep up the public services, or keep the sheriff's department fully funded and operative, among others. The amendment that we are talking about — and I'll refer to it as the Posey Amendment, No. 255 — hamstrings that process . . . every act or piece of legislation that is to affect Winston County, including the raising of additional monies or practically anything, has to be submitted to a vote of the people. *Page 1210 
Transcript 9. The Commissioners decided that Amendment 255 had to be challenged in a lawsuit in order to get needed legislation passed affecting Winston County. The parties agree that Amendment 255 has never yet been enforced, and that no special or local law affecting Winston County has ever been submitted to a vote of the electors to comply with Amendment 255.
The Commissioners argue that Amendment 255 is in derogation of Ala. Const. art. IV, § 44, which states that "the legislative power of this state shall be vested in a legislature, which shall consist of a senate and a house of representatives." It is suggested that to the extent that legislation cannot take effect unless approved by the people of Winston County, the power and authority of the legislature are thereby usurped.
It is true that, in general, the power vested in the legislature to make laws cannot be delegated. In re Opinions ofthe Justices, 232 Ala. 56, 166 So. 706 (1936). This Court has also opined that statutes are unconstitutional which require a general election before the statute becomes effective. In reOpinion of the Justices No. 201, 287 Ala. 321, 251 So.2d 739
(1971).
Where authorized by the Constitution itself, however, the delegation by the legislature of the power to make laws is valid. Wallace v. Board of Education, 280 Ala. 635,197 So.2d 428 (1967). The present case does not involve a statute which itself requires a referendum by the people before going into effect. We here construe an amendment to our Constitution which requires such a vote before certain legislation can go into effect. Therefore, in this case, the Constitution as amended authorizes the delegation of legislative power complained of. We reserve comment on the wisdom of the amendment or its wording; we hold merely that Amendment 255 is valid and not in derogation of Ala. Const. art. IV, § 44.
The Commissioners also argue that Amendment 255 is unconstitutional because it conflicts with the "guarantee clause" of the United States Constitution. That clause states as follows:
 The United States shall guarantee to every state in this Union a republican form of government, and shall protect each of them against invasion; and on application of the legislature, or of the executive (when the legislature can not be convened) against domestic violence.
U.S. Const. art. IV, § 4. The Commissioners contend that Amendment 255 violates the guarantee clause by requiring that legislation affecting Winston County be voted on by the people, as in a pure democracy, rather than by elected representatives, as in a republican form of government.
There is some question as to whether this is even a justiciable issue, such political questions generally being determined by the legislative branch. Ohio ex rel. Davis v.Hildebrant, 241 U.S. 565, 36 S.Ct. 708, 60 L.Ed. 1172 (1916).
Nevertheless, on this issue, one treatise comments as follows:
 The generally accepted view is that the system of direct legislation which has been in common use throughout the various state governments since their inception is clearly consistent with a republican form of government, even though it may deprive the legislature of some lawmaking power or powers held by it at the adoption of the Federal Constitution. Accordingly, it has been held that such direct powers of legislation may be exercised by the people through the initiative and referendum, either on the state or local level, it being pointed out that the representative character of the government still remains under that system and that the people have thereby simply reserved to themselves a larger share of legislative power, and that therefore they have not overthrown the republican form of government or substituted another in its place. [Emphasis added. Footnotes omitted.]
16A Am.Jur.2d Constitutional Law § 631 (1979). We are in accord with the above-stated generally accepted view. Amendment 255 is a properly adopted part of the *Page 1211 
Alabama Constitution, which delegates some legislative power to the people of Winston County. It does not conflict with the Federal Constitution's guarantee of a republican form of government. The people of Alabama have simply reserved for the citizens of Winston County a larger share of legislative power.
For the above-stated reasons, the judgment of the Circuit Court of Winston County is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and ADAMS, JJ., concur.
BEATTY, J., concurs in the result.