280 So.2d 97

# OPINION OF THE JUSTICES
## No. 211.

Supreme Court of Alabama.

June 18, 1973.

The Senate of Alabama
State Capitol
Montgomery, Alabama

Gentlemen:

We are in receipt of Senate Resolution 38, adopted 6 June 1973, which is as follows:

BE IT RESOLVED BY THE SENATE OF ALABAMA, That we respectfully request the honorable Chief Justice and Associate Justices of the Supreme Court, or a majority of them, to give this body their written opinions on the following important constitutional question which has arisen concerning the pending bill, S. B. 185.

If enacted, would this bill, which amends Act 34 of the 1969 Special Session as amended by Act 688 of the 1969 Regular Session, so as to delegate to elected boards of education the power to levy certain taxes, violate Article 11, Taxation, Section 212 of the Constitution of Alabama?

RESOLVED FURTHER that the Secretary of the Senate is hereby directed to send nine true copies of the pending bill, S. B. 185, to the Clerk of the Supreme Court of Alabama, and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this Resolution.

The copy of Senate Bill 185, forwarded with Senate Resolution 38, reads:

## A BILL TO BE ENTITLED AN ACT

To further amend Section 1 of Act 34, (H.45) of the First Extraordinary Session of 1969 of the Legislature of Alabama, approved May 14, 1969 entitled "An Act authorizing the county governing body of each of the several counties to levy, assess and collect franchise, excise and privilege license taxes in order to raise funds to be used for public schools in the county," as amended by Act No. 688 (H.1444) of the Regular Session of 1969, approved September 4, 1969, so as to provide that the boards of education in those cities and counties where the boards of education are elected shall be authorized to levy, assess and collect such franchise, excise and privilege license taxes.

## BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:

Section 1. Section 1 of Act No. 34, (H. 45) of the First Extraordinary Session of 1969 of the Legislature of Alabama, approved May 14, 1969 as amended by Act No. 688 (H.1444) of the Regular Session of 1969, approved September 4, 1969 is hereby further amended to read as follows:

"Section 1. In order to provide funds for the operation of public schools in the counties and cities, the boards of education in each of the several cities and counties where the board of education is elected by popular vote of the qualified electors is, within its territorial jurisdiction, and the governing body of any county where the board of education is selected by any method other than by popular vote of qualified electors is, within the county, hereby authorized by ordinance to levy and provide for the assessment and collection of franchise, excise and privilege license taxes with respect to privileges or receipts from privileges exercised in such city or county, which shall be in addition to any and all other city or county taxes heretofore or hereafter authorized by law in such city or county. Such city board of education, county board of education or the governing body of the county may, in its discretion, submit the question of levying any such tax to a vote of the qualified electors of the city or county. If such question is submitted to the voters, then the city board of education, the county board of education or county governing body, shall also provide for holding and canvassing the returns of the election and for giving notice thereof. All the proceeds from any tax levied pursuant to this act, less cost of collection thereof, shall be used exclusively for public school purposes. Notwithstanding anything to the contrary herein, said authority shall not levy any tax hereunder measured by gross receipts (except a sales tax which parallels, except for rate of tax, Act No. 100 adopted at the Second Extraordinary Session of 1959 of the Legislature of Alabama, as amended, and a use tax which parallels, except for rate of tax, Code of Alabama 1940, Title 51, Chapter 20, Article 11, as amended); nor shall any such authority levy any tax upon the privilege of engaging in any business or profession unless such tax is levied uniformly and at the same rate against every person engaged in the pursuit of any business or profession within the city or county except that any tax levied hereunder upon the privilege of engaging in any business or profession may be measured by the number of employees of such business or the number of persons engaged in the pursuit of such profession. Provided, further that where such tax is levied county wide by the county governing body and such county has more than one (1) school system, reve-

nues collected under the provisions of this act shall be distributed within such county on the same basis as funds received by the county from the Minimum Program Fund are distributed within the county."

Section 2. This act shall become effective immediately upon its passage and approval by the Governor or upon its otherwise becoming a law.

A reading of the proposed Bill shows that it:

1. Authorizes city and county boards of education, where such boards are elected by popular vote of qualified electors within their territorial jurisdiction, to levy, and provide for the assessment and collection of franchise, excise, and privilege taxes "with respect to privileges or receipts from privileges exercised in such city or county, which shall be in addition to all other city or county taxes hereintofore·or hereinafter authorized by law in such city or county."

2. Where the boards of education are selected other than by popular vote of qualified electors, the governing body of the county is authorized to provide by ordinance for the levy and collection of such taxes.

It is provided in the proposed Bill that such boards of education, or the county governing body of the county may in their discretion, submit the question of levying any such tax to a vote of the qualified voters of the city or county.

The proposed Bill further provides that if such question is submitted to a popular vote, then the boards of education, or the county governing body shall provide for the holding of an election, the giving of notice, the canvassing of returns, etc., and that the proceeds of such taxes, after election expenses are paid, shall be used exclusively for public school purposes.

Section 212 of Article 11 of the Constitution of Alabama, 1901 reads:

"The power to levy taxes shall not be delegated to individuals or private corporations or associations."

Sections 148 through 176, Title 52, Code of Alabama, 1940, relate to city boards of education, while Sections 62 through 108, Title 52, Code of Alabama, 1940, provide for county boards of education.

A perusal of these codal provisions demonstrates clearly that the office and powers of the respective boards of education are to administer, supervise, and manage the schools within their jurisdictions. In other words, their duties are administrative, and not legislative.

The levying of a tax is a purely legislative power, while the duties of the various officers in relation to the assessment and collection of taxes are ministerial and sometimes judicial. Standard Oil Co. of Kentucky v. Limestone County, 220 Ala. 231, 124 So. 523.

In Opinion of the Justices, 275 Ala. 386, 155 So.2d 343, it was opined by all of the Justices that a bill authorizing the Mobile County Hospital Board, subject to a referendum, to levy annually a $5.00 registration fee and tax on every automobile owned by individuals living in Mobile County, contravened Sec. 212 of our Constitution (as well as Sec. 23) in that the Mobile County Hospital Board was not a municipal corporation.

Section 23 of our Constitution, among other things, provides:

"* * * nor shall private property be taken for private use, or for the use of corporations, other than municipal, * * *"

In Cyclopedia Law Dictionary, 3rd Ed., a "Municipal Corporation" is defined as being a public corporation created by government for political purposes, and having subordinate and local powers of legislation, e. g., a county, town, city, etc.

In In re Opinion of Justices, 266 Ala. 363, 96 So.2d 634, the question presented related to a bill authorizing the governing body of Lauderdale County to call an election to submit to the qualified voters of Lauderdale County the question of

whether an annual license tax and fee of $5.00 should be levied upon every motor vehicle owned by individuals residing in Lauderdale County, such tax to be used for hospital purposes. It was further provided that in the event a majority of the voters participating voted for the levy, then if the governing body of the City of Florence, by resolution requested the governing body of Lauderdale County to levy such tax, then such county governing body was authorized to do so.

It was opined by the Justices that a county is an agency or subdivision of the state, created by law for the more efficient administration of government, and that the Bill was not constitutionally objectionable.

In Standard Oil Co. of Kentucky v. Limestone County, 220 Ala. 231, 124 So. 523, supra, the question involved was the constitutionality of an act authorizing the County Commissioners of Limestone County, Alabama, to levy a privilege tax on all persons selling or storing motor fuels stored or sold in the county. The tax was for public road purposes. In upholding the act, this court wrote:

"We need merely mention what has been so often said, that the sovereign power of the Legislature in the matter of privilege taxes is unabridged save in the matter of reasonable classification, uniformity in application to the class, and freedom from invasion of constitutional guarantees against confiscation or oppression.

"Local road laws carrying provisions for levying and collecting privilege taxes under orders of the governing bodies of counties were well known prior to the Constitution of 1901. Like laws enacted since that time, committing to the county authorities the power to make such levies and to make regulations looking to their collection, have been continuously enacted and sustained by this court since Kennamer v. State, 150 Ala. 74, 43 So. 482.

\*      \*      \*      \*      \*      \*

"\* \* \* If, in the judgment of the Legislature, local needs demand additional or supplemental laws substantially different from the general law, the Legislature has power to so enact. \* \* \*"

The question of whether authorizing a county governing body to levy by ordinance a privilege tax was an unlawful delegation of legislative power, was answered in the negative in Opinion of the Justices, 270 Ala. 42, 115 So. 475. It was further opined as to the referendum feature of the act then under consideration that where such feature is advisory only, and the ultimate decision to impose the privilege tax must be made by the governing body of the county, there was no unlawful delegation of the power to levy taxes.

■ Boards of education being administrative in nature cannot be deemed municipal corporations having powers of taxation, a purely legislative function.

We have set forth the above governing principles as a background for our answer to your question.

It is to be noted that the bill now being considered (Senate Bill 185) contains no severability clause. However, the bill contains more than one aspect, and because of the general nature of the question, it is necessary that the different aspects of the bill be treated separately.

■ 1. That aspect of the bill authorizing the boards of education in each of the several cities and counties where such boards are elected by popular vote of the qualified electors in the territorial jurisdiction of such board to levy taxes, is constitutionally impermissible as being an unlawful delegation of the power to tax to a public corporation which is not a municipal corporation.

■ 2. That aspect of the bill authorizing the governing body of any county, where the board of education is selected other than by popular election, to levy a privilege tax is not a violation of Section 212 of our Constitution.

The provision in the bill permitting the question of whether to permit the question of levying the tax be submitted to the qualified voters is constitutionally permissible if such question is submitted by the governing body of a county, and not by a board of education, and provided further that the result of such vote be considered as advisory only, it being clear under governing legal principles that the ultimate question of levying such tax can be accomplished only by an ordinance enacted by the governing body of a county.

Respectfully submitted,

HOWELL T. HEFLIN
Chief Justice

PELHAM J. MERRILL

JAMES S. COLEMAN, Jr.

ROBERT B. HARWOOD

JAMES N. BLOODWORTH

HUGH MADDOX

DANIEL T. McCALL, Jr.

JAMES H. FAULKNER

RICHARD L. JONES
Justices.