Members of the House of Representatives State Capitol Montgomery, Alabama
Dear Sirs and Mesdames:
We have received House Resolution No. 8, adopted February 5, 1980, which is as follows:
BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE LEGISLATURE OF ALABAMA, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court or a majority of them, to give this body their written opinions on the following important constitutional question which has arisen concerning the pending bill, H.B. 138, a copy of which is attached to this resolution and made a part hereof by reference:
1. Does H.B. 138 conflict with Article 4, Section 44 of the Constitution of Alabama 1901?
RESOLVED FURTHER, That the Clerk of the House of Representatives is hereby directed to send sufficient true copies of the pending bill, H.B. 138, to the Clerk of the Supreme Court of Alabama, and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this Resolution.
The copy of House Bill No. 138, forwarded with the resolution, reads:
A BILL TO BE ENTITLED AN ACT
Relating to the annual fee and assessment required to be paid by state chartered savings and loan associations, so as to change the assessment from the existing $.20 per $1,000.00 of total assets to provide that such assessment fee shall be fixed by the Savings and Loan Commissioner and approved by the State Savings and Loan Board from time to time, and to repeal § 5-16-38, Code of Alabama 1975.
BE IT ENACTED BY THE LEGISLATURE OF ALABAM [ALABAMA]:
Section 1. Section 5-16-38, Code of Alabama 1975 is hereby repealed.
*940 Section 2. Each savings and loan association chartered by the State of Alabama shall on the call of the Commissioner pay the State Banking Department an assessment fee based on the total resources of the association as may be shown by its last report to the Banking Department. The rate of such assessment shall be in an amount fixed by the Commissioner and approved by the State Savings and Loan Board and the assessment may be made more frequently than annually. All such fees shall be paid into the special fund set up by the State Treasurer pursuant to § 5-1-5, Code of Alabama 1975, and used in the supervision and examination of savings and loan associations. No other assessment or license of any kind shall be levied against or collected from any savings and loan association except the ordinary taxes assessed against property in general and except as may be specifically provided for in this act.
Section 3. All laws or parts of laws inconsistent herewith are hereby repealed to the extent of such inconsistency.
Section 4. This act shall become effective immediately upon its passage and approval by the Governor or upon its otherwise becoming law.
The proposed Bill would repeal Code 1975, § 5-16-38, which requires each savings and loan association doing business in this state to pay an “annual fee” of $50.00 and an “annual assessment” of $0.20 per $1,000.00 of its total assets. Bill No. 138 would abolish the $50.00 “annual fee” currently required and would give the Savings and Loan Commissioner the authority to fix the rate at which the savings and loan associations would be required to pay an “assessment fee.” Additionally, the Bill would allow the Commissioner to determine the frequency with which the assessment could be made. The question here presented is whether the proposed grant of authority to the Commissioner under H.B. 138 is an unconstitutional delegation of legislative power under Article IV, Section 44 of the 1901 Constitution of Alabama.
Section 44 of the Constitution is the express constitutional provision for representative government. Opinion of the Justices, 287 Ala. 321, 251 So.2d 739 (1971). The power vested in the legislature to make laws cannot be delegated to any other department of government. In re Opinion of the Justices, 232 Ala. 56, 166 So. 706 (1936). As the following discussion demonstrates, we have determined that the authority which would be conferred upon the Savings and Loan Commissioner upon the enactment of H.B. 138 is inherently legislative. Accordingly, our answer to your question is Yes.
The “assessment fee” required of each savings and loan association under the Bill is essentially a tax as that term has been defined by this Court. For example, in Ex parte State ex rel. Attorney General, 252 Ala. 149, 39 So.2d 669 (1949), this Court stated that:
A tax is a charge levied by the sovereign power on persons and property for the support of government and for public purposes.
Clearly, the proposed assessment fee would constitute a tax under the foregoing definition, as the moneys received under the Bill would be paid into a special fund set up by the State Treasurer and would be used in the supervision and examination of savings and loan associations.
 The levying of a tax is a purely legislative power. Opinion of the Justices, 291 Ala. 262, 280 So.2d 97 (1973). Setting the rate of taxation is inherently a part of the power to “levy” taxes [see Standard Oil Co. v. Limestone County, 220 Ala. 231, 124 So. 523 (1929)]. Delegation of the power to levy taxes is expressly limited by Article *941 XI, Section 212 of the Constitution of 1901. Because the fixing of the rate of taxation by the Savings and Loan Commissioner offends the limitation imposed by Section 212, we must conclude that the proposed Bill conflicts with Section 212 of the Constitution as well as with Article IV, Section 44.
QUESTION ANSWERED.
Respectfully submitted,
C. C. Torbert, Jr.,
Chief Justice
Hugh Maddox
James H. Faulkner
Reneau P. Almon
Janie L. Shores
Sam A. Beatty
Associate Justices