FAULKNER, Justice.
These are appeals from an order granting motions for summary judgment filed by the Escambia County Commission, and by the Sheriff of Escambia County.
The appellants are deputy sheriffs of Es-cambia County. They filed a bill for declaratory judgment praying that the court order the commission to pay them overtime pay for January-February, 1982, and all future overtime pay pursuant to Act No. 81-868, Acts of Alabama, 1981, Vol. II, p. 1661.
The Commission filed a third-party complaint naming Sheriff Byrne as a third-party defendant, and praying that the court order the sheriff to pay the deputies their overtime from amounts already appropriated and budgeted by the Commission for operation of the sheriff’s department. The Commission filed a cross-appeal.
The Commission and the sheriff filed motions for summary judgment. Both were granted by the trial judge. We affirm.
Briefly, the facts are that the deputies were paid for overtime that was allowed within the limits of the budget. Even though funds for overtime pay were exhausted, the sheriff ordered the deputies to more overtime duty. The Commission refused to pay.
The Chairman of the Commission testified by affidavit that the Commission budgeted $11,000.00 for overtime pay for the deputies for fiscal year 1981-82. This amount was $3,500.00, less than the minimum recommended by the sheriff. He further testified that the sheriff and the commission were unable to reconcile their differences.
The issue presented for review is whether the Commission, through its budget, may limit the amount of overtime pay for Es-cambia County deputy sheriffs.
The deputies contend that the Commission is violating Act No. 81-868. That' Act provides in part:
“Section 1. Any non-elected law enforcement officer in the service of a county who is assigned to duty for more than eight hours during any one day or for more than forty hours during any calendar week shall be paid time and one-half for such excess hours worked; or he shall be given time and one-half compensatory leave. In all such cases, it shall be at the sole option of the law enforcement officer whether he shall receive overtime pay or compensatory leave.
“Section 2. Any such law enforcement officer who works overtime during any *150 calendar month shall on the last day of such month file in writing a statement as to his election to accept overtime pay or compensatory leave. In the event such law enforcement officer elects to receive overtime pay, such pay shall be included with his compensation for the next succeeding pay period. If he elects to receive compensatory leave, such leave may be taken at any time during the calendar year in which it is earned, except during times of emergency.”
We opine that the Commission has not violated Act No. 81-868. While we are sympathetic with the deputies, we must give due regard to the budget adopted by the Commission. Of course, under Code 1975, § 11-3-13, the Commission must adopt a budget, and may appropriate sufficient funds to pay the actual expenses of the county pursuant to the budget. We do not believe that Act No. 81-868 mandates that the Commission must rework the budget and prorate other county departments to pay for the expenses of the sheriff’s department. We agree with the holding in Hale v. Randolph County Commission, 423 So.2d 893, 895-96 (Ala.Civ.App.1982):
“This means, of course, that the amount of money that it can be paid for overtime work is limited to the overall appropriation for the entire operation of the sheriffs office. In this posture, the sheriff is held to a reasonable exercise of discretion in the amount of overtime work his department will incur, just as he must decide about office expenses, use of gasoline, and the purchase of equipment.
“To say that the deputy sheriffs must be paid for all of the overtime that they are directed by the sheriff to work would be to approve an open-ended appropriation for this purpose. We do not perceive such an interpretation to be the law. * *
“We conclude, therefore, that the legislature has conferred the authority on the Randolph County Commission to appropriate an overall amount of money for the operation of the sheriffs office. Such appropriation will include mandated sums as well as discretionary sums. Such appropriation should include a sum of money for the payment of overtime work by deputy sheriffs just as it provides for the payment of gasoline, oil, office expenses, equipment purchases, etc. The failure to include a special appropriation for the payment of overtime work cannot prevent the payment of such work. The only limitation will be the overall appropriation to the sheriffs office.”
We do not find that the Commission has failed to pay for overtime under the provisions of the budget. It is apparent from the record that the Commission, in effect, said “Sheriff, you have exhausted the $11,-000.00 we budgeted and appropriated for overtime. Therefore, if you order overtime, you’ll have to shift some funds within your department to pay it. You are limited to the appropriation to your department.” We concur.
The order granting summary judgments is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ALMON and ADAMS, JJ., concur.