This expedited appeal from a partial summary judgment, made final pursuant to Rule 54(b), A.R.Civ.P., presents the issue whether the trial court erred in granting injunctive relief to the sheriff of Etowah County, requiring the Etowah County Commission to reinstate the funding withheld from the Etowah County Sheriff's Department for the remainder of the 1989-90 fiscal year. Because we agree with the trial court that the Commission's withholding of all funds, which effectively closed the operation of the Sheriff's Department, was an arbitrary and capricious act, we affirm the judgment granting injunctive relief to the extent of, and consistent with, this Court's order of September 6, 1990, as modified by our order of September 13, 1990,[1] staying the judgment pending further proceedings on the remaining issues in the circuit court.
By our judgment in this case, "affirmed as modified," we are not to be understood as expressing any opinion on the ultimate merits of the controversy, nor are we limiting the trial court's discretionary prerogatives to lift or further modify the stay order, either temporarily or permanently, subject, of course, to further review by this Court at the instance of any party.
Because competent counsel and amicus curiae have forcefully argued their respective positions regarding the trial court's judgment and its rationale therefor, and because these same issues are still before the trial court for final disposition, we deem it proper to comment briefly upon the appropriate role of the judiciary where, as here, the dispute arises in the context of a confrontation between the other two branches of government — the executive and the legislative.
In testing the absolutism of the authority of the legislative branch to appropriate operational funds for the executive branch, the judicial branch of government is constrained not to substitute its judgment for that of the legislature and thus usurp the plenary power of that branch. Finch v. State,271 Ala. 499, 124 So.2d 825 (1960). Any encroachment in such matters by the judiciary is limited to adjudication of constitutional challenges, allegations of statutory violations, and charges of conduct so arbitrary and capricious as to contravene lawfully constituted authority. Id.
While we do not reject out of hand the "reasonableness" test, as urged by the sheriff, the application of that test, contrary to the sheriff's contention, does not focus solely on what is reasonable from the viewpoint of the sheriff in the operation of his department. The application of the "reasonableness" test takes into account *Page 399 
not only the reasonableness of the sheriff's request for funding of his department, but how that request impacts upon, and relates to, the totality of the County's budget.
Conceivably, the County Commission may receive budget requests from each of the County's executive departments and may agree that none of the requests is "unreasonable" from the standpoint of each department in the performance of its perceived goals; and, yet, the total of such requests may exceed by millions of dollars the total revenues available to fund the County's budget. Thus, while the Commission is legally mandated to follow statutory guidelines and to establish funding priorities accordingly (see, Shelby County Commissionv. Smith, 372 So.2d 1092 (Ala. 1979); and Hale v. RandolphCounty Commission, 423 So.2d 893 (Ala.Civ.App. 1982)), it does not have the burden of proving that any reduction in requested funding is justified because the requests are unreasonable when viewed from the narrow perspective of the operation of that particular department. See Ball v. EscambiaCounty Commission, 439 So.2d 148 (Ala. 1983). See, also, Comment, "State Court Assertion of Power to Determine and Demand Its Own Budget," 120 U.Penn.L.Rev. 1187 (1972). This is not to say, of course, that the Commission is permitted to exercise unfettered discretion to reject "reasonable" budget requests for adequate performance of essential functions of government. Morgan County Commission v.Powell, 292 Ala. 300, 293 So.2d 830 (1974).
AFFIRMED AS MODIFIED.
HORNSBY, C.J., and MADDOX, JONES, SHORES, ADAMS, HOUSTON and KENNEDY, JJ., concur.
[1] "THE STATE OF ALABAMA — JUDICIAL DEPARTMENT "IN THE SUPREME COURT OF ALABAMA "September 13, 1990
"89-1776 "Etowah County Commission, et al. "v. "James Hayes, et al. "Etowah Circuit Court "CV-90-776-JSS
"ORDER
"The appellee, James Hayes, having filed a motion to rescind that part of the order of this Court of September 6, 1990, staying injunctive relief granted by the trial court, the same having been submitted and duly considered by the Court, and the Court having considered the preferred claims and the order of their priority as set out by the legislature in subsections (a)(1) and (2) of Ala. Code 1975, § 11-12-15, which include,inter alia, the health, safety, and welfare of prisoners and insane persons, it is considered that the motion should be partially granted.
"IT IS, THEREFORE, ORDERED that that part of the order of this Court of September 6, 1990, staying injunctive relief granted by the trial court, is rescinded only as it applies to subsections (a)(1) and (2) of § 11-12-15, and that the stay is lifted as to those preferred claims that shall be given priority as set out in subsections (a)(1) and (2) of §11-12-15.
"Maddox, Jones, Almon, Shores, and Houston, JJ., concur."