This case presents once again a dispute between a county commission and a sheriff over the payment of overtime for deputy sheriffs.[1] *Page 1071 
The specific question presented is whether a county commission can be ordered to pay for the overtime from funds neither budgeted nor appropriated to the sheriff's department.[2] Consequently, a resolution of the question necessarily requires us to apply the doctrine of separation of powers as between the legislative and executive branches of government as that doctrine applies to the county commission's authority to appropriate a sufficient fund for the operation of the sheriff's department.[3]
The facts leading up to the controversy, as shown by the evidence, indicates that the Geneva County Commission ("the Commission") budgeted and appropriated funds for overtime duty for the Geneva County Sheriff's Department for every year from 1973 to 1988, the years covered by this lawsuit. The sheriff of Geneva County, Douglas Whittle, exhausted the overtime budgeted and appropriated for his department each year. The Commission contacted him each year by letter, advising him that he had exhausted his appropriations. It further advised the sheriff that he was limited to the funds appropriated to his department and that if he ordered overtime in the future he would have to shift funds within his department to pay for it. Sheriff Whittle did not respond to these letters, nor did he shift any funds within his department to pay for the overtime, but he continued to order his deputies to incur overtime.
The plaintiffs, Ken Tice, James Hicks, Tony Hobbs, Greg Ward, and Tony Helms, deputy sheriffs in Geneva County, were paid overtime that was allowed within the limits of the budget each year, from 1973 to 1988, but the Commission refused to pay them for any overtime work that was not budgeted and for which funds were not appropriated. The deputies filed this complaint for overtime pay against the Commission, H.B. Wise, Charles Flippo, Joe Howell, Jimmy Shiver, and Leland Davis (as members of the Commission). The Commission answered the complaint and later filed a third-party complaint against Sheriff Whittle in which the Commission requested that the sheriff be enjoined from exceeding the budget set by the Commission and that he be required to pay any overtime due the deputy sheriffs from funds already budgeted and appropriated for his department. Sheriff Whittle answered, alleging that the Commission had refused to budget a reasonable amount for the operation of his department, and he filed a counterclaim requesting that the Commission be ordered to adopt and approve his budget request, or, in the alternative, that a mandatory injunction be issued requiring the Commission to approve and adopt his requested budget.
The trial court found that the deputies had worked overtime that was approved by their supervisor and held that they, therefore, should be paid for the overtime earned, and entered judgment in favor of the deputies. That judgment read, in part, as follows:
 "[T]he judgment . . . shall be paid by the Geneva County Commission from funds available outside the Sheriff's budget rather than funds budgeted to the Sheriff's Department.
". . . .
 "[T]he County Commission shall adhere to reasonable recommendations made by the Geneva County Personnel *Page 1072 
Board concerning overtime and additional employees.
 "[T]he County Commission shall appropriate sufficient funds to the Sheriff's department to fund reasonable requests for overtime, presently and in the future."
The Commission raises three issues on appeal: 1) whether the overall appropriation by the Commission to the sheriff's department was reasonable; 2) whether all of the overtime was assigned or approved by the sheriff prior to its completion; and 3) whether the dollar amount of the judgment is supported by the evidence. Because we hold in favor of the Commission on the first issue, we do not address the last two issues raised by the Commission.
It is apparent from a reading of the record that the trial judge applied the reasonableness standard of review in determining that the sheriff's budgeting requests were reasonable, and it is also apparent that the trial judge, applying this standard of review of the Commission's action, found that the action of the Commission in denying the sheriff's requests was unreasonable in light of the totality of the circumstances.
We conclude that the learned trial judge, in reviewing the action of the Commission, applied the wrong standard of review. In this Court's recent case of Etowah County Comm'n v.Hayes, 569 So.2d 397 (Ala. 1990), this Court stated the standard, as follows:
 "In testing the absolutism of the authority of the legislative branch to appropriate operational funds for the executive branch, the judicial branch of government is constrained not to substitute its judgment for that of the legislature and thus usurp the plenary power of that branch. Finch v. State, 271 Ala. 499, 124 So.2d 825 (1960). Any encroachment in such matters by the judiciary is limited to adjudication of constitutional challenges, allegations of statutory violations, and charges of conduct so arbitrary and capricious as to contravene lawfully constituted authority. Id."
569 So.2d at 398.
The deputies argue that our review should be governed by the standard generally applicable to cases in which the testimony is heard ore tenus.[4] They argue that conflicting testimony was presented relating to the reasonableness of the Sheriff's budget request, and, consequently, that the trial judge's determination that the Commission acted unreasonably should be upheld. In arguing that we should review the findings of fact made by the trial judge with a presumption of correctness, the deputies necessarily contend that the trial judge was interpreting the provisions of statutory law when he made his findings. They rely heavily upon the provisions of law that impose on the sheriff certain duties, such as those set out in Ala. Code 1975, § 36-22-3, and, citing §11-12-15, they argue that the compensation for deputy sheriffs and jailers is a "preferred claim" and that "the Legislature has mandated that overtime earned by deputies and jailer is to be paid. § 36-21-4.1, Code of Alabama (1975)."
We are not unmindful of the duties and obligations placed upon the sheriff's departments throughout the state, and the provisions of law that make certain claims "preferred claims." However, we are also not unmindful that county commissions have the duty and responsibility for budgeting and appropriating operational funds for several executive departments of county government. When this Court has been faced with similar arguments involving a similar confrontation between a sheriff's department and a county commission, it has specifically held that the judiciary "is limited to adjudication of constitutional challenges, allegations of statutory violations, and charges of conduct so arbitrary as to contravene lawfully constituted authority." Etowah County Comm'n,569 So.2d at 398.
In reviewing the law, we note initially that a deputy sheriff is not entitled to claim any overtime in the absence of a *Page 1073 
statute or contract authorizing it, Hale v. Randolph CountyComm'n, 423 So.2d 893 (Ala.Civ.App. 1982), but we find that the Alabama legislature has authorized the payment of overtime pay to deputy sheriffs. Ala. Code 1975, § 36-21-4.1. That statute states:
 "(a) Any non-elected law enforcement officer in the service of a county who is assigned to duty for more than eight hours during any one day or for more than 40 hours during any calendar week shall be paid time and one-half for such excess hours worked; . . . .
 "(b) Any such law enforcement officer who works overtime during any calendar month shall on the last day of such month file in writing a statement as to his election to accept overtime pay or compensatory leave. In the event such law enforcement officer elects to receive overtime pay, such pay shall be included with his compensation for the next succeeding pay period."
Citing this statute, the deputies argue that the legislature has mandated that deputies be paid for overtime worked; the order of the trial judge indicates that he interpreted this statute as do the deputies. We do not so interpret the statute, and did not so interpret it in Etowah County Comm'n.
Clearly, the statute authorizes payment for overtime, but we do not construe it as mandating that deputies be compensated for all overtime authorized by the sheriff, even if sufficient funds have not been budgeted or appropriated for use by the sheriff's department. The Court of Civil Appeals, several years ago, correctly interpreted this statute to be mandatory only "in the sense that a deputy sheriff may now be compensated for overtime work; whereas before he or she could not be so compensated." Hale at 893.
Ala. Code 1975, § 11-8-3, sets out many of the duties of county commissions:
 "It shall be the duty of the county commission, at some meeting in September of each calendar year or not later than its first meeting in October following, to prepare and adopt an estimate of the income of the county for the fiscal year beginning on October 1 of the current calendar year for all public funds under its supervision and control, and to estimate for the same fiscal year the expense of operations and to appropriate for the various purposes the respective amounts that are to be used for each of such purposes; provided, that the appropriations so made shall not exceed the estimated total income of the county available for appropriation.
 "In order that such estimate of income and operating expenses may be as nearly correct as possible the county commission shall call upon any public official who handles any incoming moneys, or who issues any kind of order payable out of the county treasury without approval of such county commission to furnish them in writing an estimate of such income and of the probable amount of orders he will be called upon to issue during such fiscal year and it shall be the duty of such official to furnish such estimates without delay."
Ala. Code 1975, § 11-8-3. (Emphasis added.)
As stated above, this Court has on previous occasions construed the provisions of law relating to the payment of overtime compensation for deputy sheriffs, and this Court has generally held that a commission cannot refuse to appropriateany money for the payment of overtime work by deputy sheriffs. See Ball v. Escambia County Comm'n,439 So.2d 148 (Ala. 1983), expressly approving the Court of Civil Appeals' holding in Hale, that the Randolph County Commission could not prevent deputies from receiving pay for their overtime work; but the Court of Civil Appeals also held in Hale that the overtime must be paid for out ofthe funds appropriated to the sheriffs department. That court stated:
 "In this posture, the sheriff is held to a reasonable exercise of discretion in the amount of overtime work his department will incur, just as he must decide about office expenses, use of gasoline, and the purchase of equipment.
 "To say that all the deputy sheriffs must be paid for all of the overtime that *Page 1074 
they are directed by the sheriff to work would be to approve an open-ended appropriation for this purpose. We do not perceive such an interpretation to be the law. By the same token we do not believe the commission can circumvent the law by refusing to appropriate any money for overtime pay. To say that it can, would be to say that the commission could refuse to appropriate any money for gasoline, office supplies, or equipment. Such authority could effectively be used to seriously curtail, if not stop, law enforcement efforts by the sheriff. . . .
 "We conclude, therefore, that the legislature has conferred the authority on the Randolph County Commission to appropriate an overall amount of money for the operation of the sheriff's office. Such appropriation will include mandated sums as well as discretionary sums. Such appropriation should include a sum of money for the payment of overtime work by deputy sheriffs just as it provides for the payment of gasoline, oil, office expenses, equipment purchases, etc. The failure to include a special appropriation for the payment of overtime work cannot prevent the payment of such work. The only limitation will be the overall appropriation to the sheriff's office."
Hale at 896. Again, we agree with this conclusion of the Court of Civil Appeals.
The year after the Court of Civil Appeals decidedHale, this Court addressed the question whether the Escambia County Commission, through its budget, could limit the amount of overtime pay for its deputy sheriffs. Ball v.Escambia County Comm'n, 439 So.2d 148 (Ala. 1983). The Escambia County Commission budgeted $11,000 for a year's overtime by deputies; that amount was $3,500 less than the minimum recommended by the sheriff. The Court, affirming a summary judgment for both the sheriff and the Escambia County Commission, held that the statute did not mandate that the Commission "rework the budget and prorate other county departments to pay for the expenses of the sheriff's department." 439 So.2d at 150. This is exactly what the lower court in this case has ordered the Geneva County Commission to do.
In Ball, this Court stated it most clearly when it said:
 "It is apparent from the record that the [Escambia County] Commission, in effect, said 'Sheriff, you have exhausted the $11,000 we budgeted and appropriated for overtime. Therefore, if you order overtime, you'll have to shift some funds within your department to pay it. You are limited to the appropriation to your department.' "
439 So.2d at 150.
Recently, this Court has addressed the appropriate role of the judiciary where a dispute arises in the context of a confrontation between the other two branches of government — the executive and the legislative. See EtowahCounty Comm'n v. Hayes. In that case, the Court held that "the Commission's withholding of all funds . . . was an arbitrary and capricious act" and affirmed the judgment requiring the Etowah County Commission to reinstate funding withheld from the sheriff's department. 569 So.2d at 398.
In the present case, the deputy sheriffs argued that the overall appropriation to the sheriff's department by the Commission was unreasonable, and the trial court agreed with them. This Court addressed a similar claim in the Etowah County case. There, this Court did not reject the "reasonableness" test, but emphasized that the application of that test does not focus solely upon what is reasonable from the sheriff's viewpoint, but also considers "how that request impacts upon . . . the totality of the County's budget." Id.
In the present case, the Commission received budget requests from the sheriff's department, and several witnesses testified that none of the requests was "unreasonable" from the standpoint of the department. However, it is the duty of theCommission to determine in its discretion not only what is reasonable, but also how a particular request affects the total county budget. *Page 1075 
Considering the statute at issue here and considering our earlier cases, we hold that the trial court erred in its determination that the Geneva County Commission was not entitled to the relief prayed for in its complaint, and we are compelled to hold that the learned trial judge, although apparently trying to do what he considered to be just, nevertheless encroached upon the budgeting authority of the Geneva County Commission. We find no evidence to support a finding by the trial judge that the Commission appropriated an unreasonable amount of money to the sheriff's department and thereby acted arbitrarily or capriciously. Without such evidence and a finding by the trial judge to that effect, we are compelled to reinstate the determination of the Commission. We note that the state legislature has conferred upon a county commission the power to appropriate money from the county treasury, and we hold that that power includes the power to establish the budgetary appropriations regarding overtime by county employees, but that the legislature has not mandated that overtime worked by deputy sheriffs be compensated by the county commission after those funds appropriated to the sheriffs department has been expended. We reiterate the holding in Morgan County Comm'n v. Powell that "the true intent of the legislature was to place in the county governing body, which body appropriates the public monies, the final say-so in the disposition of such funds, and thus centralize in the legislative body a function lawfully and traditionally delegated to that body by the legislature." 292 Ala. at 310,293 So.2d at 839.
"This is not to say, of course, that the Commission is permitted to exercise unfettered discretion to reject 'reasonable' budget requests for adequate performance of essential functions of government." Etowah County Comm'n v.Hayes, at 399. See also, Morgan County Comm'n v.Powell. The Commission is legally mandated to follow statutory guidelines and to establish funding priorities accordingly, but the judiciary is not given the power to substitute its determinations for those of the commission. SeeShelby County Comm'n v. Smith, 372 So.2d 1092
(Ala. 1979); and Hale, 423 So.2d 893.
We hold, therefore, that the legislature has not mandated that the Geneva County Commission pay a specific amount of money to the deputy sheriffs. The legislature has, however, directed the Commission to set apart a "sufficient fund" (Ala. Code 1975, § 11-12-15) to pay for overtime work by deputy sheriffs when it is performed at the direction of the sheriff; but that fund cannot be open-ended. See §36-21-4.1.
This opinion, and those that have preceded it, should give county commissions and sheriffs adequate guidelines to follow when faced with what has become apparently a troublesome matter for county governments.
The judgment is reversed and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, HOUSTON, STEAGALL and INGRAM, JJ., concur.
[1] Other cases involving the same issue are EtowahCounty Comm'n v. Hayes, 569 So.2d 397 (Ala. 1990); Ballv. Escambia County Comm'n, 439 So.2d 148 (Ala. 1983);Hale v. Randolph County Comm'n, 423 So.2d 893
(Ala.Civ.App. 1982); and see also Morgan County Comm'n v.Powell, 292 Ala. 300, 293 So.2d 830 (1974).
[2] The sheriff had exceeded the amount of overtime compensation budgeted and appropriated to his department by the County Commission.
[3] That the separation of powers doctrine is applicable to this dispute between the sheriff and the County Commission seems unquestioned:
 "While many of the cases concerning the point now contain statements relative to the exercise of legislative, executive, or judicial power on the state level, no valid reason appears to deny the application of these same principles on a lower or county level. No distinction is made therefore in our discussion of the powers and limitations of the functions of the three branches of government whether on the state level or county level."
Morgan County Comm'n v. Powell, 292 Ala. 300, 305,293 So.2d 830, 834 (1974).
[4] The Sheriff cites Meadows v. First National Bank ofAshford, 568 So.2d 303 (Ala. 1990).