STUART, Justice
(concurring in the result and dissenting from the rationale).
I concur in the result reached by the per curiam opinion. However, I dissent from the rationale of that opinion, particularly from the following statement: “The essence of the Boards’ arguments is that the *108 last sentence of Amendment No. 202 grants the Boards the substantive five-mill taxing power granted to the county governing body by the first sentence of Amendment No. 202 and that, therefore, the Boards can invoke Amendment No. 202 for the purpose of calling an election and levying the five-mill tax.” 852 So.2d at 106. I also dissent from the statement that “§ 16-13-180 and § 16-13-181 ... are not germane to this case.” 852 So.2d at 107.
In arguing that they have the right to set the date of an election for the tax requested and the right to set the rate and the term of the requested tax, the Boards expressly rely upon the language of § 16-13-181, Ala. Code 1975.[8] The Boards also rely upon the fact that Amendment No. 202 expressly provides that an election on the tax authorized in that Amendment is to be conducted in the same manner as an election on the school-district tax authorized in Amendment No. 3. As the per curiam opinion recognizes, § 2 of Amendment No. 3 authorizes the levy of special school-district taxes, but “the machinery for putting [those taxes] into effect is provided by the Legislature.” Runyan v. Thompson, 232 Ala. 390, 390, 168 So. 423, 423-24 (1936). It is undisputed that the enabling legislation for Amendment No. 3 is found at § 16-13-180 and § 16-13-181, Ala.Code 1975.
Thus, the reference in Amendment No. 202 to “the manner provided for an election on the school district tax authorized in constitutional amendment III [3]” is not a reference to the first sentence of Amendment No. 202, nor is it a reference to the language of Amendment No. 3; it is a reference to § 16-13-180 and § 16-13-181. The per curiam opinion simply ignores or misconstrues the Boards’ arguments. I feel compelled to address them.
I. Do the Boards have the authority to set the rate and term of property-tax assessments considered pursuant to Amendment No. 202?
The Boards argue that the following language of § 16-13-181 authorizes them to set the rate and term of any property-tax assessment considered under Amendment No. 202:
“Upon the written request of the county board of education or the board of education of any city ... for a special election in any school tax district under the control of the respective board, the county commission shall call an election at the time and for the rural or city school tax districts as requested by the respective board of education.... ”
(Emphasis added.) The Boards argue that the “as requested” language in § 16-13-181 — “the county commission shall call an election ... as requested by the respective board of education” — requires the Commission to set the special election under any terms requested by the Boards — including the rate and term of any special property-tax assessment to be considered by the voters. However, I find nothing in § 16-13-180 or § 16-13-181 that grants the boards of education of this state the authority to set the rate and term of a property-tax assessment considered under Amendment No. 202.
As this Court has previously recognized, setting the rate of taxation is inherently a part of the power of “levying” taxes. See Opinion of the Justices No. 263, 379 So.2d 939, 940-41 (Ala.1980). If this Court interpreted “as requested” to mean that the Boards possessed the power to set the rate *109 of the property-tax assessments considered pursuant to Amendment No. 202, we would be interpreting a legislative enactment to grant boards of education the power to levy taxes. I cannot interpret that phrase so broadly as to contradict Art. XI, § 212, of the Alabama Constitution of 1901, which provides: “The power to levy taxes shall not be delegated to individuals or private corporations or associations.” See Opinion of the Justices No. 211, 291 Ala. 262, 266, 280 So.2d 97, 101 (1973) (“Boards of education being administrative in nature cannot be deemed municipal corporations having powers of taxation, a purely legislative function.”).
This rationale is equally applicable to the question of setting the term of any assessment to be considered under Amendment No. 202. For the same reason that setting the rate of taxation is inherently a part of the power to levy a tax, setting the term of a tax is also part and parcel of that same power. I find no other express grant of authority in Amendment No. 202 or in §§ 16-13-180 and 16-13-181 empowering the Boards to dictate the rate or term of the property-tax assessments considered pursuant to Amendment No. 202.
For these reasons I agree with the conclusion reached by the per curiam opinion that the Boards have no authority to set the rate of special property-tax assessments considered under Amendment No. 202; also for these reasons, I agree with the per curiam opinion that the Boards have no authority to set the term of any special property-tax assessments considered under Amendment No. 202.
II. Do the Boards have the authority to set the date of the election?
The Boards also argue that the language found in § 16-13-181 — “the county commission shall call an election at the time ... requested by the respective board of education” — requires the Commission to call an election for consideration of a special property tax proposed pursuant to Amendment No. 202 on any date selected by the Boards. I also note that § 16-13-180 contains similar language:
“[ U]pon request of the county board of education to the county commission, said court shall order an election to be held at the time requested by the said board of education to determine whether or not a special tax shall be levied for public school purposes within any school tax district in the county under the control of such board....”
These statutes repeatedly use mandatory language; they specifically provide that the Commission “shall” call the election at the.time requested by the Boards. Thus, as written, § 16-13-180 and § 16-13-181 require the Commission to call the election on the date selected by the Boards. I note that the county is required to fund these elections, which, because of the language of Amendment No. 202, may be called repeatedly.[9]
I find this purported grant of power to boards of education problematic. A legislative enactment that allows a .board of education to determine the date on which an election shall take place, particularly with no limitation as to how often that power may be exercised and that gives no discretion to the county’s governing body to control that process, gives the board of education unfettered control over a county’s budget. Although there is no absolute and universal standard for determining those powers that a legislative body must *110 itself exercise and those that may be delegated to an administrative agency, see State v. Vaughan, 30 Ala.App. 201, 4 So.2d 5 (1941), it is clear that the power to control the financial affairs of a county belongs to the governing body of a county and not to a board of education. See § 11-8-1 et seq., Ala.Code 1975 (placing the financial control of a county in the hands of the county commission); see also Geneva County Comm’n v. Tice, 578 So.2d 1070 (Ala.1991), in which this Court stated:
“We reiterate the holding in Morgan County Comm’n v. Powell[, 292 Ala. 300, 293 So.2d 830 (1974),] that ‘the true intent of the legislature was to place in the county governing body, which body appropriates the public monies, the final say-so in the disposition of such funds, and thus centralize in the legislative body a function lawfully and traditionally delegated to that body by the legislature.’ 292 Ala. at 310, 293 So.2d at 839.”
578 So.2d at 1075.
Determining the proper expenditure of county funds is a legislative function; it is not an administrative one. For the same reason the Legislature may not delegate the power to levy taxes to an administrative board, it may not delegate the power to control the county’s budget to the county board of education.[10] See Freeman v. City of Mobile, 761 So.2d 235, 236-37 (Ala.1999) (“although the Legislature can delegate the power to make rules and regulations for the ‘purpose of carrying [the law] into practical effect and operation ... and to secure an effective execution of the same,’ ... it cannot delegate the power to repeal, amend, or otherwise supplant an act of the Legislature”); Folsom v. Wynn, 631 So.2d 890, 894 (Ala.1993) (“the Legislature may not constitutionally delegate its powers, whether the general power to make law or the powers encompassed within that general power, including the ‘power of the purse’ ”).
Additionally, I read § 16-13-180 to require a county commission to levy the tax if approved by the voters of that county. (See § 16-13-180, which provides, in part: “upon request of the county board of education to the county commission, said court shall order an election to be held at the time requested ... to determine whether or not a special tax shall be levied ” (emphasis added).) Requiring such action by a county commission conflicts with the permissive nature of the powers granted county commissions in Amendment No. 202 (“The court of county commissioners ... shall have the power to levy and collect a special county tax....”). The statute’s mandatory language also violates governing legal principles recognized in Opinion of the Justices No. 211:
“The provision in the bill permitting the question of whether to permit the *111 question of levying the tax be submitted to the qualified voters is constitutionally permissible if such question is submitted by the governing body of a county, and not by a board of education, and provided further that the result of such vote be considered as advisory only, it being clear under governing legal principles that the ultimate question of levying such tax can be accomplished only by an ordinance enacted by the governing body of a county.”
291 Ala. 262, 267, 280 So.2d 97, 101. See also Opinion of the Justices No. 168, 270 Ala. 42, 115 So.2d 475 (Ala.1959) (recognizing that the actual and final decision whether to levy a tax must be made by the governing body of a county, even if that governing body refuses to levy a tax approved by the voters).
For these reasons, I believe that § 16-18-180 and § 16-16-13-181, Ala.Code 1975, improperly allow the boards of education to control the financial affairs of the county and represent an improper delegation of legislative power to an administrative agency. I would also find that § 16-13-180 and § 16-13-181, to the extent they purport to require county commissions to set an election on the date requested by the boards of education, are unenforceable as written. I would also find that § 16-13-180 improperly attempts to require county commissions to exercise their powers of taxation.
III. Does § 2 of Amendment No. 3 authorize boards of education to levy a special school-district tax?
In its application for rehearing, the Chambers County Board of Education[11] asserts that, although it is not now seeking and has never sought the power to levy a tax, boards of education possess this power by virtue of § 2 of Amendment No. 3. Because whether § 2 of Amendment No. 3 grants the boards of education the power to levy a special school-district tax is not essential to resolution of the issues raised on appeal, I need not address the validity of this argument in this writing. That issue must await another day.
APPENDIX A

Applicable Constitutional Provisions

Art. XI, § 212, Ala. Const, of 1901
The power to levy taxes shall not be delegated to individuals or private corporations or associations.
Amendment No. 202, Ala. Const, of 1901

Additional Property Tax for County Educational Purposes

The court of county commissioners, board of revenue, or other like governing body of each of the several counties in the state shall have the power to levy and collect a special county tax of not to exceed fifty cents on each one hundred dollars of taxable property, in addition to all other taxes now or hereafter authorized by the Constitution and laws of Alabama, for educational purposes, on the value of the taxable property in the county as assessed for state taxation, *112 provided the purpose thereof, and the time such tax is proposed to be continued shall have been first submitted to a vote of the qualified electors of the county and voted for by a majority of those voting at such election. If any proposal to levy the tax is defeated in any election, subsequent elections thereon may be held at any time. The election provided for herein shall be called, held, conducted, paid for, and governed otherwise in the manner provided for an election on the school district tax authorized in constitutional amendment III [3].
Amendment No. 3, Ala. Const, of 1901

Special School Tax Amendment

Article XIX, Section 1. The several counties in the state shall have power to levy and collect a special county tax not exceeding thirty cents on each one hundred dollars worth of taxable property in such counties in addition to that now authorized or that may hereafter be authorized for public school purposes, and in addition to that now authorized under section 260 of article XIV of the Constitution; provided, that the rate of such tax, the time it is to continue and the purpose thereof shall have been first submitted to the vote of the qualified electors of the county, and voted for by a majority of those voting at such election.
Section 2. The several school districts of any county in the state shall have power to levy and collect a special district tax not exceeding thirty cents on each one hundred dollars worth of taxable property in such district for public school purposes; provided, that a school district under the meaning of this section shall include incorporated cities or towns, or any school district of which an incorporated city or town is a part, or such other school districts now existing or hereafter formed as may be approved by the county board of education; provided further, that the rate of such tax, the time it is to continue and the purpose thereof shall have been first submitted to the vote of the qualified electors of the district and voted for by a majority of those voting at such election; provided further, that no district tax shall be voted or collected except in such counties as are levying and collecting not less than a three-mill special county school tax.
Section 3. The funds arising from the special county school tax levied and collected by any county shall be apportioned and expended as the law may direct, and the funds arising from the special school tax levied in any district which votes the same independently of the county shall be expended for the exclusive benefit of the district, as the law may direct.
APPENDIX B

Applicable Code Provisions

Article 9

County and District Three-Mill School Taxes

§ 16-13-180. Petition for election; calling of election.
Upon a petition signed by 200 or more qualified electors of any county to the county commission, said county commission shall order an election to be held at the time specified in said petition to determine whether or not a special tax shall be levied for public school purposes within said county; and, upon request of the county board of education to the county commission, said court shall order an election to be held at the time *113 requested by the said board of education to determine whether or not a special tax shall be levied for public school purposes within any school tax district in the county under the control of such board; and, upon the request of any city board of education to the county commission, said court shall order an election to be held at the time requested by said board of education to determine whether or not a special tax shall be levied for public school purposes within said city.
§ 16-13-181. Request by board of education for election.
Upon the written request of the county board of education or of the board of education of any city having a city board of education for a special election in any school tax district under the control of the respective board, the county commission shall call an election at the time and for the rural or city school tax districts as requested by the respective board of education and shall appoint three managers and one returning officer for each voting place in the school tax district or at such special voting places as may be designated for the special election by the judge of probate of the county who shall locate such voting places, upon the recommendation of the county board of education, and such special voting places shall be set out in the notices of the special election.

. The Boards relied upon § 16-13-181, Ala. Code 1975, before the trial court; additionally, the trial court’s order expressly relied upon that Code section in issuing the writ of mandamus to the Commission.

. Amendment No. 202 provides that "[i]f any proposal to levy the tax is defeated in any election, subsequent elections thereon may be held at any time.”

. Because other constitutional amendments also adopt the election mechanism referenced in § 2 of Amendment No. 3 governing school-district taxes, § 16-13-180 and § 16-13-181 purport to grant this same power to set election dates to boards of education in other seemingly illogical contexts. See, e.g., Amendment No. 269 (authorizing the levy of a tax for “public library purposes” in any county or incorporated municipality and adopting the election mechanism applicable to school-district taxes referenced in Amendment No. 3, § 2); Amendment No. 311 (authorizing the levy of a tax for "general health purposes” in Lawrence, Limestone, and Morgan Counties and adopting the election mechanism applicable to school-district taxes referenced in Amendment No. 3, § 2). Thus, if § 16-13-180 and § 16-13-181 are enforceable, a county commission must call a special election whenever its county board of education so demands for the purpose of considering a special property tax for "public library purposes”; likewise, the county commissions in Lawrence, Limestone, and Morgan Counties must call a special election whenever the boards of education in those counties so demand for purposes of considering a special property tax for "general health purposes.”

. Only the Chambers County Board of Education sought a rehearing of this Court’s earlier opinion; the Board of Education for the City of Lanett did not join in the application for rehearing. The Chambers County Board of Education argues in its application for rehearing that this Court’s original per curiam opinion, in which this Court stated that "any attempt by the Legislature to delegate to a board of education the legislative powers of taxation is improper” was "overbroad and wrong.”